## DIMON v. KEERY.

(Supreme Court, Appellate Division, First Department.  November 9, 1900.)

1. BILLS AND NOTES—DISCHARGE OF MAKER.
   An indorsement by the payee of a note, without consideration, that at his death it shall become null and void, cannot relieve the maker from its payment after the payee's death.

2. SAME—EVIDENCE—CONTRADICTING WRITINGS.
   Where an action is based on a loan as originally made, and not on a note subsequently given as an acknowledgment of the indebtedness, defendant's admission that the money had been advanced to him is admissible in evidence over objection that the loan was represented by the writing.

3. SAME—ADMISSIBILITY—APPEAL.
   In an action based on a loan as originally made, and not on a note subsequently given, an objection to declarations of the maker's husband on the ground that they contradicted the note is not available where the evidence was not offered to establish the execution of the note, and had no relation thereto, though it was inadmissible as an admission of defendant.

4. SAME.
   An exception to the exclusion of certain evidence is not available on appeal where the record does not show that any question was asked in reference thereto which the court excluded, nor any offer of proof on which the court made a ruling.

5. SAME.
   An objection to the exclusion of certain evidence on the ground that the issue on which it was offered was raised between the same parties in another action in which judgment was against defendant, is not available on appeal, where the evidence and judgment are not included in the record, so that it can be determined whether the evidence was relevant or whether the judgment was a bar.

Appeal from trial term, New York county.

Action by Charles L. Dimon, as administrator, etc., of Stephen C. Dimon, deceased, against Martha Keery. From a judgment in favor of plaintiff entered on decision of the court on trial without a jury (64 N. Y. Supp. 1091), defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Theodore H. Friend, for appellant.
William R. Wilder, for respondent.

INGRAHAM, J. The court upon the trial of this action found that on February 26, 1889, Stephen C. Dimon, the plaintiff's intestate, loaned to the defendant the sum of $6,000; that on March 1, 1889, the defendant executed and delivered to said Dimon her promissory note in writing, whereby she agreed to pay to Stephen C. Dimon, on demand, the sum of $6,000, with interest, at and after the rate of 4½ per cent. per annum; that at the time this note was executed and delivered, Dimon, plaintiff's intestate, wrote upon the same sheet of paper upon which the note was written the following words: "At my death the above note becomes null and void. Stephen C. Dimon;" that during the lifetime of said Dimon, to and including May 14, 1892, the defendant paid the interest upon the loan at the rate of 4½ per cent. per annum, but that no part of the

66 N.Y.S.—52

principal of the said note, and no interest since May 14, 1892, has been paid; that upon Dimon's death this note, with the indorsement upon it, before referred to, was found in Dimon's possession, whereupon his personal representative commenced this action to recover the amount of the loan. These facts do not seem to be disputed. The defendant set up in her answer three separate defenses, but produced no evidence to prove either of them. The fact that on February 26th the plaintiff's intestate paid to the defendant the sum of $6,000, which, on the 1st day of March subsequent, she agreed to repay to him on demand, was evidence of an indebtedness existing, and was sufficient to sustain a recovery for the amount thus advanced. The note was competent evidence to show that this sum of money which had been advanced by the plaintiff's intestate to the defendant was a loan, and, that fact being established, the plaintiff was entitled to recover the amount of that loan irrespective of the continued existence of the note. Assuming that the note for any reason became void on the death of the testator, the obligation to repay the loan still existed unless such obligation had been discharged by payment, release, or other method. The giving of the note by the defendant to the plaintiff's intestate which contained this promise to repay the loan did not discharge the obligation to repay the loan, and confine the creditor to an action upon the note. The note was a recognition of an existing obligation, with a promise to pay that obligation upon certain terms therein specified, viz. upon demand, with interest at the rate of $4\frac{1}{2}$ per cent. per annum; and the amount of that loan the plaintiff is entitled to recover, unless in some way that obligation has been discharged. It seems to us clear that this indorsement by the plaintiff's intestate upon the note did not have the effect of discharging this obligation. This indorsement upon the note was made at the time of its execution, but, so far as appears, no copy of this indorsement was executed and delivered to the defendant. It was unilateral, without consideration, containing none of the elements of an agreement between the parties. It was a mere declaration by the payee of the note as to his intention in regard to it, not consummated by delivery. It cannot be disputed but that the plaintiff's intestate could at any time prior to his death have enforced the note against the maker, and the fact that such an indorsement appeared upon it would have been no defense to an action brought upon it. None of the requisites of a valid gift or a valid agreement by which the obligation of the defendant to repay the money loaned to her was discharged appears upon the face of the instrument; nor was there any competent evidence offered to show that such an agreement existed. Upon the undisputed facts, therefore, the plaintiff was entitled to recover.

There are several objections to testimony urged by counsel for the defendant. Upon the trial the plaintiff's counsel offered to read the testimony of the defendant in relation to this advance of money, taken at another trial. This evidence was offered from the stenographer's minutes of the trial. There seems to have been no objection to the reading from the minutes, rather than calling the stenographer. On the contrary, it was stated that such testimony could be

offered on the basis of the stenographer's minutes, and not by calling the witnesses. That stipulation being before the court, counsel for the plaintiff offered to read a part of the defendant's testimony, which was objected to on the ground that the plaintiff, in his complaint, acknowledges that a loan was made, and that both as an acknowledgment and evidence of said loan the defendant made and entered into a memorandum in writing, and that nothing can be offered by him in contradiction of that writing. That objection was overruled, and, we think, properly. The evidence offered was evidence of a declaration of the defendant, and was competent as her admission. It related not to the giving of the note, but to the original advance of money; and as the action was based upon the loan as originally made, and not upon the note which was subsequently given as an acknowledgment of the indebtedness, the plaintiff was entitled to prove the making of the advance, and the defendant's admission was competent evidence thereof. The plaintiff also read the testimony of Thomas Keery, the defendant's husband, taken upon the trial of another action. This evidence appears to have been read without objection. After that testimony was read, counsel for the defendant stated: "Your honor will allow us the same objection and exception to the reading of the second witness' testimony as to the first?" To this no answer was made, and the trial proceeded. As this testimony was not admissible as an admission of the defendant if proper objection had been taken in time, it would have been incompetent. It was read, however, without objection. The request of the counsel for the defendant that he should be allowed the same objection to this testimony that he had made to the reading of the testimony of the defendant appears to have been intended for an objection that, as the plaintiff, in his complaint, had stated that as acknowledgment and evidence of the loan for $6,000 the defendant had made a memorandum in writing, that memorandum was the agreement between the parties, and nothing could be offered by plaintiff in contradiction of that writing. The objection, therefore, was to the plaintiff's offering anything except the written evidence of the agreement between the parties; not an objection that the witness should have been called and sworn as a witness. It appeared, therefore, that the only objection made to the reading of this testimony was that it tended to contradict the written instrument evidenced by the execution of the note and the indorsement thereon, and, as the testimony was not offered for the purpose of establishing the execution of the note, nor had any relation to the note, that objection was not available to the defendant.

Another exception that requires notice was the ruling upon the testimony of the defendant's mother. She was called as a witness, and counsel for the defendant stated: "We propose to show an admission by Mr. Dimon to Mrs. Gray of the writing which has been offered in evidence here as having been given about the time that he said he gave her the money. Does your honor rule that it is competent or not?" There was subsequently some conversation between counsel for the defendant and the court as to this testimony, and, while there does not seem to have been any ruling of the court

upon the admissibility of this testimony, counsel for the defendant stated, "I except to the exclusion of the testimony of Mrs. Gray as to what had taken place between her and Mr. Dimon." No question was asked which the court excluded, and there was no offer of proof upon which the court made a ruling. The statement of counsel for defendant apparently related to admissions by Dimon subsequent to the making of the note, and related solely to the note, which had been offered in evidence, and had no relation to the original loan, or the terms or conditions upon which it had been made. The note itself was not ambiguous, and contained an express promise to repay on demand this sum of money loaned. It was proved and conceded that the execution of the note was contemporaneous with the indorsement made by the plaintiff's intestate upon it, and it is difficult to see how any declarations of the plaintiff's intestate as to what happened at the time the note was executed could affect the liability of this defendant. The most that appears is that counsel for the defendant assumed that some ruling had been made, and excepted to such ruling; for none appears to have been made. It cannot be said that such an exception is available for any purpose.

Counsel for the defendant also offered to read the testimony of various witnesses, taken at a former trial of another action between the same parties, in support of a defense set up in the seventh paragraph to the answer, which alleged that the plaintiff's intestate had given to the defendant certain personal property before his death, which included the note in suit. This was objected to by counsel for the plaintiff upon the ground that the issue and defense referred to in the seventh paragraph of the answer were raised between the parties in another action, and that the same had resulted in a judgment in favor of the administrator against the defendant on this issue, and counsel therefore produced the judgment entered in the other action, claiming that it was res adjudicata, and offered that judgment in evidence. Upon that statement the objection was sustained, to which counsel for the defendant excepted upon the ground that the judgment was not conclusive upon the defendant. As the depositions offered to be read are not part of the record, it is impossible to say that they would have been relevant to this defense, and, as the judgment roll is not a part of the record, it is impossible to say whether that judgment is a bar to this defense. In the condition of the record, this exception is not available upon this appeal.

We have come to the conclusion, therefore, that upon the case as it stood when submitted to the trial judge, there was evidence sufficient to sustain his finding that the plaintiff's intestate had loaned to the defendant on February 26, 1888, the sum of $6,000, which she had agreed to repay; that the obligation to repay that loan had not been discharged, and that the plaintiff was entitled to recover. It follows that the judgment appealed from should be affirmed, with costs. All concur.