MORRIS LONDON, Plaintiff, *v.* ARTHUR W. BESSER, Defendant.

City Court of New York, Special Term, Kings County, December 14, 1937.

*Milton Kunen,* for the defendant.

GOLDSTEIN, J. This is a motion to strike out the first and second separate defenses contained in the answer. This action was brought by the plaintiff against the defendant to recover the sum of $1,500 on a promissory note, payable on demand, made by the defendant to the order of the plaintiff. The answer, in addition to various denials, contains two separate and distinct defenses, consisting of an alleged defense of cancellation and discharge of the promissory note in question. The only difference between the first and second defense is that in the first defense the allegation of cancellation and discharge is alleged as a conclusion of law, and in

the second defense there are set forth evidentiary facts in support of this alleged defense of cancellation and discharge.

The plaintiff now makes this motion to strike out these first and second distinct defenses upon the ground that they are insufficient in law. In the second defense the defendant admits the execution and delivery of the note in question; he alleges that at the same time when he delivered the note in question to the plaintiff he also delivered a similar note to one Adolph Rand; that thereafter the said Adolph Rand and the plaintiff agreed between themselves and without the knowledge of this defendant that if Adolph Rand would destroy, cancel and/or discharge the aforesaid note held by the said Adolph Rand and would forever renounce any rights therein, the plaintiff would destroy, cancel and/or discharge the note given to him and would not, at any time thereafter, attempt to enforce or collect the same, and would forever renounce any rights thereunder; that thereafter and upon information and belief, that prior to the commencement of this action the said Adolph Rand destroyed the aforesaid promissory note and canceled and discharged the defendant's liability thereon; that the plaintiff, contrary to the aforesaid agreement, attempted to assert and did assert that the promissory note in question was and is in full force and effect. The defendant contends that these allegations are sufficient as a matter of law to constitute the defense of cancellation and discharge of the promissory note in question. The plaintiff, on the other hand, contends that these allegations are not sufficient and do not constitute a defense sufficient in law to the plaintiff's cause of action.

In order to properly determine this question I must look for guidance to the Negotiable Instruments Law and see what the law requires in order for a negotiable instrument to be discharged. Section 200 of the Negotiable Instruments Law sets forth five different methods by which a negotiable instrument may be discharged. Subdivision 4 of that section is possibly the only method or manner that may apply to the case at bar. It has been held that under this section a note may be discharged by an oral agreement based on an executed consideration. The question now arises, assuming that the plaintiff did make such an agreement, was there any executed consideration therefor? In the case of *Dimon* v. *Keery* (54 App. Div. 318, 320) the defendant, in consideration for a certain loan to him, executed and delivered to the plaintiff's intestate a promissory note in writing, payable on demand; at the time this note was executed and delivered plaintiff's intestate wrote upon the same sheet of paper upon which the note was written the following words: " At my death the above note becomes null

and void." After the intestate died his personal representative commenced this action to recover the amount of the loan. The court found for the plaintiff and said: " It seems to us clear that this indorsement by the plaintiff's intestate upon the note did not have the effect of discharging this obligation. This indorsement upon the note was made at the time of its execution, but so far as appears no copy of this indorsement was executed and delivered to the defendant. It was unilateral, without consideration, containing none of the elements of an agreement between the parties. It was a mere declaration by the payee of the note as to his intention in regard to it, not consummated by delivery." In the case at bar there is no allegation that Rand ever returned the note in question to the defendant. In fact, it is conceded by the defendant that Rand never returned this note to the defendant, and, furthermore, the defendant even admits that he never knew about this alleged agreement between Rand and the plaintiff until after Rand's death. In my opinion, unless Rand actually delivered the defendant's note to him, there was no consideration for the plaintiff's promise, if any, to cancel and discharge his note. We may go further and look to section 203 of the Negotiable Instruments Law. It provides: " Renunciation by holder. The holder may expressly renounce his rights against any party to the instrument, before, at or after its maturity. An absolute and unconditional renunciation of his rights against the principal debtor made at or after the maturity of the instrument, discharges the instrument. But a renunciation does not affect the rights of a holder in due course without notice. A renunciation must be in writing, unless the instrument is delivered up to the person primarily liable thereon." It is conceded here that this alleged renunciation was not in writing, but oral. If the renunciation is oral the instrument itself must be delivered up to the " person primarily liable," which, of course, is the maker. It is conceded that the promissory note, executed by the defendant and delivered to Rand, was not delivered by him to the defendant. The language of section 203 of the Negotiable Instruments Law seems plain and clear in so far as some kind of writing is required, in the absence of consideration or of delivery of the instrument to the person primarily liable. As I have heretofore pointed out, unless Rand actually delivered up his note to the defendant there was no consideration for any promise made by the plaintiff to Rand to cancel and discharge his note. (See *Bank of United States* v. *Manheim*, 264 N. Y. 45; *Trietel* v. *Gibson*, 131 Misc. 377.) I am of the opinion, therefore, that the first and second separate defenses are not sufficient as a matter of law and must be stricken out.