In the Matter of the Petition of ROGER M. HAVILAND and BROOKLYN TRUST COMPANY to Render and Settle Their Account as Executors, etc., of ELISABETH LUTHER CARY, Deceased.

ROGER M. HAVILAND, Individually, Appellant; ROGER M. HAVILAND and BROOKLYN TRUST COMPANY, as Executors, etc., of ELISABETH LUTHER CARY, Deceased, HARALD JOHN LAGERGREN, JR., ALAN E. LAGERGREN and KATHARINE ANN BURNHAM, Respondents.

(Consolidated Appeals.)

Second Department, February 24, 1942.

*Arthur Donn* [*Leonard N. Snedeker* with him on the brief], for the appellant.

*William K. Allison* [*Joseph K. Ryan* with him on the brief], for the respondent Brooklyn Trust Company, as executor, etc.

*William M. Winans*, for the respondents Harald John Lagergren, Jr., Alan E. Lagergren and Katharine Ann Burnham.

TAYLOR, J. The appeal from parts of the decree presents for review a claim made by appellant against the estate of testatrix, which claim was tried and rejected upon the accounting of the executors.

The sole question here relates to the validity of that claim, which, in substance, is that the appellant, by virtue of a contract between him and the testatrix, partly written and partly oral, is entitled to the cancellation without payment, as of the date of the death of the testatrix in 1936, of a concededly valid promissory note executed by him to her, in the sum of $5,000, dated May 21, 1925, payable in ten years, without interest. The decree, so far as it is under review, in effect compels the payment of the note by the appellant.

The sum of $5,000 was advanced by the testatrix to the appellant and was used by him in the purchase of eighty-eight shares of the common stock of a corporation owning a co-operative apartment house. Appellant's certificate of stock was deposited by him with the testatrix as collateral security for the payment of the note.

The testatrix was a business woman. She left a net estate approximating $300,000.

On May 21, 1925, the appellant executed and delivered to the testatrix such promissory note. It read:

" $5,000.00                                        May 21st 1925
    " Ten years after date I promise to pay to Elisabeth L. Cary Five Thousand and no/100 Dollars without interest at 160 Henry St. Brooklyn, N. Y.
" Value received
    " No.                    Due 5/21/1935
                                        " R. M. HAVILAND."

It superseded a less formal note dated May 18, 1925, on which day the testatrix executed in duplicate a paper writing which read:

"E. L. Cary

160 Henry Street

Brooklyn, N. Y.

"In case of my death before note for $5000 (five thousand dollars) signed by Roger M. Haviland is paid, said note shall be considered cancelled and no money collected on it.

"ELISABETH LUTHER CARY.

"May 18th 1925

"Witnessed by

"ANN M. JONES"

The duplicate was delivered to the appellant. The original of this paper and the note were found in testatrix's safe deposit box in an envelope after her death. They were part of the same transaction. The envelope was indorsed by testatrix as follows:

"Brooklyn City Safe Deposit Co.

"Note of Roger Haviland

for $5000

and cancellation in case of my

death

"E. L. CARY"

The certificate of stock, thus deposited as security, was also found in the same box.

The referee disallowed appellant's contention as to the effect of the instrument purportedly of cancellation · as of the date of testatrix's death, in effect on three grounds: (1) That as an attempt to cancel the note was conditioned to take effect only upon the testatrix's death and was not an absolute and unconditional renunciation of her rights in the note, it was inefficient to cancel it (citing *Leask* v. *Dew*, 102 App. Div. 529; affd., 184 N. Y. 599, and *Dimon* v. *Keery*, 54 App. Div. 318); (2) that the purported cancellation, to take effect only upon testatrix's death, was a forgiveness of the debt by an attempted testamentary disposition which failed because of lack of testamentary formalities required by section 21 of the Decedent Estate Law (citing *McCarthy* v. *Pieret*, 281 N. Y. 407, and *Butler* v. *Sherwood*, 196 App. Div. 603); and (3) that if the instrument were treated as testamentary in character it was revoked in testatrix's will executed subsequently. Neither the referee's report nor the decree confirming it, in express terms, passes upon the question of the existence of the pleaded contract. In each, however, is implicit a ruling that no such contract was made. We agree with the learned surrogate and the learned referee that the appellant was not entitled to the cancellation of the note.

Appellant does not challenge the correctness of the several theses of the referee, as above set forth. He relies solely upon the contention, in effect, that the evidence requires a finding that a valid contract, evidenced by the original and duplicate memorandum dated May 18, 1925, existed between testatrix and the appellant, pursuant to which he became absolutely entitled to such cancellation of the note upon testatrix's death. His counsel states: " The case turns simply upon the question of whether the instrument of cancellation was or was not part of a contract made between the parties."

Reduced to its lowest terms, the evidence in the record is as follows: Miss Cary, the testatrix, in 1925, was on cordial and friendly terms with the appellant, Mr. Haviland, and his wife, who then resided in Third place, Brooklyn. Miss Cary, then fifty-five years of age, resided in apartment 6-C in the co-operative apartment building 160 Henry street, Brooklyn, with an elderly and invalid friend, a Miss Jones, who was the appellant's aunt. Miss Cary's business made it necessary for her to take frequent trips out of town. It was a matter of concern to her that on such occasions she was obliged to leave the invalid Miss Jones alone. She was desirous, therefore, of having the Havilands in the same apartment building, in which an apartment 2-B was available for sale. Ultimately Mr. Haviland, the appellant, in effect purchased that apartment for $5,000, which was advanced to him by the testatrix upon his note and security, under the circumstances above indicated. The Havilands still occupy apartment 2-B. Miss Cary and Miss Jones together continued to occupy apartment 6-C until Miss Jones' death in 1929. Miss Cary continued to occupy it until her own death in 1936. After 1925 appellant and his wife saw Miss Cary more frequently than when they were living on Third place. When Miss Cary was out of town they bore Miss Jones company. When Miss Cary had overnight guests, the Havilands gave her the use of their guest room in apartment 2-B.

It is claimed by the appellant that these acts of kindness to Miss Cary and to Miss Jones were done pursuant to a contract by the terms of which the appellant's note was to be canceled at testatrix's death, in accordance with the terms of the memorandum (*supra*) signed by Miss Cary. The evidence, in our opinion, is wholly insufficient to establish that such a contract existed. There is simply no proof that the memorandum was part of any contract. The acts of the appellant and his wife, claimed to constitute performance of a contract, are consistent with a non-contractual relation, particularly in view of a loan of $5,000 by the testatrix to the appellant on terms so advantageous to him, the friendship of

the parties, and the significant failure of the testatrix to write anything suggesting the existence of a contract. The appellant has failed to sustain the burden of proof upon him (*McKeon* v. *Van Slyck*, 223 N. Y. 392) to establish that such contract existed.

The decree, in so far as appealed from, should be affirmed, with costs to all parties filing briefs, payable out of the estate. The appeal from the order confirming the referee's report should be dismissed, without costs. No appeal lies therefrom.

Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

Decree of the Surrogate's Court of Kings County, in so far as appealed from, unanimously affirmed, with costs to all parties filing briefs, payable out of the estate.

Appeal from order confirming report of referee dismissed, without costs.