John D. Bennett, S.
This accounting proceeding presents the interesting question of the effect of the recital in a bond and mortgage that it shall be null and void upon the mortgagee’s death.
On March 22, 1955, the two objectants executed a certain bond and mortgage in the amount of $5,000 to secure a contemporaneous indebtedness owing to the decedent. Both the bond and mortgage contain substantially the same provision, that upon the death of the mortgagee the bond and mortgage should become null and void and of no further force and effect.
The testator, by paragraphs Third and Fourth of his will, made bequests of $2,500 to each of the mortgagors. The executor claims the mortgage is valid, notwithstanding the provision relating to termination, and he has set off against the bequests the balance due and owing on the indebtedness.
The arguments advanced by the executor are that: (1) in the absence of consideration, an agreement to discharge a bond and mortgage is invalid, unless it is in writing signed by the party against whom it is sought to be enforced, citing section 279 of the Real Property Law; (2) the provision regarding termination cannot be construed as a gift inter vivos; and (3) the purported termination is an invalid attempt to make a testamentary disposition.
The direct question of the validity of a provision embodied in a bond and mortgage, which terminates the liability for any unpaid balance existing at the mortgagee’s death, does not appear to have been passed upon in New York State. However, there are reported decisions directly in point in other States, and decisions also in New York which by analogy have a bearing on the question presented.
Illustrative of how the present question becomes involved with extraneous legal principles is the case of Dimon v. Keery (54 App. Div. 318). In that case the payee of a promissory note given to secure a loan wrote on the note that it should become void at his death. However, such action by the payee was unilateral, and no copy of the note so indorsed was given to the maker. The court properly held that the action, being unilateral, precluded an agreement to that effect between the parties, and that since the elements of a gift were lacking the note was enforcible.
In Matter of Green (247 App. Div. 540) a promissory note was again involved. There the payees gave merely an oral promise that the debt would be cancelled upon their death. The court also discussed in that case the necessary attributes *623 of a gift which, in part, were found lacking, and decided that the oral forgiveness of the debt was an attempt to make a bequest without the formality of a will.
Although both the above decisions, viewed in their proper perspective, represent logical conclusions, they are distinguishable from the general concept of the validity of contractural obligations and conditions agreed on by the parties.
In Miller v. Allen (339 Ill. App. 471, 473) the trial court found, on similar facts as here, that the provision terminating the obligation on death was invalid because of “ (a) lack of consideration, (b) that no valid gift inter vivos was made, and (c) that it was not a valid testamentary disposition ”. The appellate court, in reversing the trial court, said (p. 475): “Ina review of the cases in other jurisdictions it appears that the weight of authority favors the validity of an agreement contemporaneous with a debt or legal obligation to the effect that the obligation be extinguished or terminated by the death of a creditor or obligee. This is fundamentally on the basis that the agreement constitutes a valid and enforceable contract as between the parties.”
In Walston v. Twiford (248 N. C. 691), the court, adhering to precedent in that State, held (p. 695): “ The provision is good not as a gift, not as a testamentary disposition, but as a part of the contractural obligation agreed upon by the parties when the loan was negotiated.”
In Helmick v. Probst (170 Misc. 284) no bond and mortgage as such was involved, but the testatrix and the defendant agreed by contract that a certain indebtedness would be null and void if the testatrix predeceased the defendant. The court there held that this State has repeatedly recognized and enforced contracts which have the effect of transferring property on the death of one of the parties. It quoted with approval from Ga Nun v. Palmer (216 N. Y. 603, 609-610), where Cardozo, J., writing for a unanimous court, said: “It makes no difference in such circumstances that part of the reward is payable after death. The character of the promise is not changed by the time fixed for its performance * * * The canon of construction which prefers the meaning that will sustain rather than one that will defeat an instrument, reinforces these conclusions. Treat the promise as testamentary, and it is not effective for any purpose; there is no suggestion that the writing was executed with the formalities requisite for wills. Treat it as contractual, and it is precisely adapted to the attainment of the end in view. In fine we discover in this writing all the *624 elements of a valid contract, and we are not at liberty, for the purpose of destroying its validity, to construe it as anything else.”
To the above authorities can only be added the general observation that the decedent advanced the moneys loaned to the objectants on the basis of the instrument as written. At this point this court cannot make a better bargain for the decedent than he made for himself. The court therefore holds that the provision terminating the indebtedness under the bond and mortgage upon the death of the mortgagee is not an attempt to make a gift, nor is it a testamentary disposition, but a valid contractual condition which must be given full force and effect.
Section 279 of the Real Property Law cited by the executor in his first argument has no application, since the provision in question was not a change or modification of a pre-existing bond and mortgage, but was an integral part of the instruments.
The bond and mortgage are held to be extinguished, and the objectants are accordingly entitled to their full legacies under the will. The claim as to dental expenses is disallowed, the claimant having’ defaulted in this proceeding.