144 N.J. Super. 347 (1976)
365 A.2d 713
TOTOWA SAVINGS & LOAN ASSOCIATION, PLAINTIFF-RESPONDENT,
v.
JOSEPH J. CRESCIONE, ET UX, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 28, 1976.
Decided October 13, 1976.
*349 Before Judges MATTHEWS, SEIDMAN and HORN.
Mr. Joseph C. Nuzzo argued the cause for appellants (Messrs. Nuzzo, Nuzzo & Buchanan, attorneys).
Mr. Joseph J. Vanecek argued the cause for respondent.
PER CURIAM.
Defendants appeal from a judgment of foreclosure.[1] The basic facts are not in dispute.
In 1952 defendants obtained a mortgage loan from plaintiff in the amount of $10,800 to enable them to purchase a one-family dwelling. They were advised by commitment letter that the loan, with interest at the rate of 5% per annum, would run for a period of 20 years, and that the monthly payments would be $87.00, of which $61.28 would be applied to principal and interest, and the balance to taxes. *350 The closing statement and the bond and mortgage all contained the same terms.
After making their monthly payments for nearly 20 years defendants requested the cancellation of the mortgage. Plaintiff then discovered for the first time that the monthly amortization figure of $61.28 was incorrect and should have been $71.28. As a result, there was still a principal balance of $4269.20. When efforts to resolve the problem failed, foreclosure proceedings were instituted. Defendants counterclaimed for the surrender and cancellation of the instruments and for damages on account of alleged slander of title (the latter claim was dismissed at trial and is not involved on this appeal).
The trial judge concluded that defendants owed the balance claimed and were obligated to pay it. He dismissed the counterclaim and, as noted previously, entered judgment in that amount in favor of plaintiff. This appeal followed when the parties were unable to agree upon satisfactory arrangements for the payment of the balance and judgment of foreclosure was entered.
Defendants contend that since the default resulted solely from the conduct of plaintiff, it should have been equitably estopped from recovering the amount allegedly due, or barred on the basis of laches. They assert further that plaintiff's unilateral mistake should prohibit it from seeking reformation of the mortgage contract, and that plaintiff's conduct "has caused very real and very detrimental damages to the defendants."
Apart from the absence of any claim by plaintiff for a reformation of the contract, and setting aside for the moment the assertion of damages, we perceive no merit otherwise in defendant's contentions and the arguments advanced in support. There is no doubt that the parties contemplated a full amortization of the debt over a 20-year period. Admittedly, the savings and loan association was mistaken in its calculation of the amount to be paid monthly. There is no assertion, however, that defendants were chargeable with *351 knowledge of the error, although if their attorney (who also represented the mortgagee) had consulted any standard payment calculator, the error would have been immediately apparent. According to the bond and mortgage, the monthly payment of $61.28 was to be applied first to the payment of interest and the balance was to be credited in reduction of the principal indebtedness. Thus, as computed in the pertinent direct reduction loan schedule, there would necessarily still be a principal balance of $4,169.62 at the end of 20 years. It is to be noted, moreover, that there was nothing in either the bond or the mortgage which provided for the automatic cancellation of the instruments at the expiration of the 20-year period, assuming the stipulated monthly payments were made. On the contrary, it is quite evident from a reading of the bond and mortgage that the final payment of principal and interest, whatever that amount might be, if not sooner paid, was due on August 19, 1972. No persuasive argument has been presented for rewarding defendants with a substantial windfall, despite the absence of fault on their part. We are satisfied that the trial judge correctly determined that defendants owed and were obligated to pay the principal balance.[2]
In withholding the entry of the foreclosure judgment itself so as to allow the parties to make satisfactory arrangements for the payment of the amount due, the trial judge properly exercised his equitable jurisdiction to delay the implementation of the harsh remedy of foreclosure. Cf. Kaminski v. London Pub., 123 N.J. Super. 112, 117 (App. Div. 1973). But we think that when the parties failed to agree it was incumbent upon the trial judge, after according them an opportunity to be heard, to resolve the matter himself *352 by establishing a fair method of payment. As a mortgagee resorting to a court of equity to enforce its security, plaintiff exposed itself to the operation of equitable principles and must submit to an equitable resolution. Leisure Technology v. Klingbeil, 137 N.J. Super. 353, 356 (App. Div. 1975); Spiotta v. William H. Wilson, Inc., 72 N.J. Super. 572, 579 (App. Div. 1962), certif. den. 37 N.J. 229 (1962). Since defendants seek equity at the hands of the court, they too must do equity by paying the amount honestly due the mortgagee, albeit on reasonable terms. See New Jersey Franklinite Co. v. Ames, 12 N.J. Eq. 512 (E. & A. 1859).
And so we are of the view that the interests of justice require us to remand the matter to the trial court for the fixing of a fair and reasonable schedule for the payment of the balance due. If defendants are able to establish that the error in the monthly amount caused them to pay more by way of interest than they would otherwise have paid, or that they suffered any other loss directly attributable to the error, and that they are thus entitled to a set off, they should be given an opportunity to do so.
The judgment and the order modifying it are reversed and the matter is remanded for further proceedings consistent with the foregoing. We do not retain jurisdiction.
NOTES
[1] Actually, the notice of appeal, which was filed July 28, 1975, is from a judgment entered July 2, 1975, in favor of plaintiff and against defendants, in the sum of $4169.62, which contained a proviso that judgment of foreclosure would not be entered "at this time" so as to give the parties an opportunity "to make satisfactory arrangements" for the payment of that sum. On August 18, 1975 the judgment was modified so as to provide for the entry of judgment of foreclosure. We shall consider the notice of appeal as encompassing the modification, and, to the extent necessary, it is hereby amended nunc pro tunc.
[2] We question, however, the entry of a money judgment in favor of plaintiff and against defendants. A judgment in foreclosure only adjudicates the amount due the plaintiff on the mortgage, together with interest, costs and counsel fee, to be raised and paid out of the mortgaged premises. See 30 N.J. Practice (Cunningham and Tischler, Law of Mortgages), § 331 at 250 (1975).