OPINION OF THE COURT
Raymond C. Baratta, S.
In this proceeding the petitioner, James B. Alvord (James), has made a motion for summary judgment requesting an order of this court declaring him to be the lawful owner of certain life insurance policies.
The decedent purchased a number of insurance policies on *368 the lives of his sons, James and George C. Alvord (George). Six policies were purchased on the life of James and listed in the account of the executor as an asset of the estate. James has objected to the retention of these policies by the executor and the inclusion of them in the estate’s assets. George has not objected to the inclusion of the nine insurance policies on his life as estate assets.
It is conceded by all parties that in five of the policies (Connecticut Mutual Life Insurance Co., Policy No. 988 543; Union Central Life Insurance Co., Policy No. 1315895; Massachusetts Mutual Life Insurance Co., Policy No. 1341985; Mutual Life Insurance Co. of New York, Policy No. 5,418,931; and Aetna Life Insurance Co., Policy No. P769488) ownership rights vested in the decedent during his life, then in Theo G. Alvord, decedent’s wife, during her life and then in James B. Alvord. Theo G. Alvord predeceased the decedent. With respect to the sixth policy (John Hancock Life Insurance Co., Policy No. 3131065) it is claimed by James that the ownership rights were exercisable by him during his life whereas George claims that the decedent was the owner of this policy at the time of his death. Attached to the moving papers as part of Exhibit A is a letter from the John Hancock Life Insurance Co. to James indicating that, according to their records, James was the owner of this policy.
It is the position of George that the recited manner of ownership whereby same is transferred to James upon the death of the decedent (noting that the wife predeceased the decedent) is in the nature of a testamentary disposition and that it is not a valid transfer as the necessary testamentary formalities were not followed. (EPTL 3-2.1.) James claims that EPTL 13-3.2 provides an exception to the requirements of EPTL 3-2.1 in the situation before the court. The guardian ad litem, in his report, concludes that James is the proper owner of the insurance policies in question.
The question to be determined then is whether the owner of a policy of insurance can transfer ownership at his death by contract with the insurance company, or must this be accomplished by a will or in a writing executed with the formalities required of a testamentary disposition.
The role of life insurance and the extension of the life insurance system in today’s society does not require a prolonged review except to note its very real existence. Further, it must be conceded by all concerned, that the insurance *369 contract has become more innovative with the onset of more sophisticated life-styles and business practices and increasing methods of taxation. To avoid, at least in part, the question of taxation, ownership of the life insurance contract in a third person has become a frequent and recognized method.
It is this court’s position that the questioned clauses in the life insurance contracts (transferring ownership of the policies), create a third-party beneficiary contract, performable at death, and "[l]ike many similar instruments, contractual in nature, which provide for the disposition of property after death, they need not conform to the requirements of the statute of wills.” (Matter of Hillowitz, 22 NY2d 107, 110; Matter of Gross, 35 AD2d 830.) These clauses are not testamentary dispositions but valid contractual conditions and therefore must be given full force and effect. (Matter of Cairns, 33 Misc 2d 621.)
Further, it is the court’s position that an insurance contract is a form of a testamentary substitute and the terms and conditions contained therein are enforceable without regard to the statute of wills.
The motion for summary judgment to determine that the petitioner is the lawful owner of the subject life insurance policies is granted.