■ CARVER FEDERAL SAVINGS AND LOAN ASSOCIATION OF NEW YORK, Respondent, v ELIEZER GLANZER et al., Appellants.—In a mortgage foreclosure action in which the defendants have asserted a counterclaim for a judgment declaring that the mortgage debt has been satisfied, the defendants appeal from an order of the Supreme Court, Kings County (Vinik, J.), entered May 14, 1990, which denied their motion for summary judgment, granted the plaintiff's cross motion for summary judgment, and referred the matter to a Referee to report on the amounts due under the mortgage and mortgage bond.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the second and third decretal paragraphs thereof, and by substituting therefor a provision denying the plaintiff's motion for summary judgment; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

On May 3, 1968, the defendant Emil Sanger and Lajos Daskal, the predecessor in interest of the defendants Eliezer and Esther Glanzer, executed a mortgage and mortgage bond. (Eliezer and Esther Glanzer purchased Mr. Daskal's interest in 1976.) According to the terms of the bond, the defendant Sanger and Mr. Daskal were obligated to repay to the plaintiff the sum of $26,000 plus interest accruing at the rate of 6% per year. This payment of interest and principal was to be made in monthly installments of $143.29 and these payments were to continue "until the whole of the said principal sum * * * and interest thereon, shall be fully paid and satisfied". The bond contained no statement as to the number of such monthly payments which would be required to satisfy the debt; the bond provided that each monthly payment would be credited first to the reduction of accrued interest, and then to the reduction of principal.

In May 1988 the defendants stopped making the monthly payments called for in the mortgage bond. In its complaint, the plaintiff Carver Federal Savings and Loan Association of New York (hereinafter the bank) asserts that a balance of $19,585.04 became due as of May 31, 1988, the twentieth anniversary of the loan. In their motion for summary judgment, the defendants asserted, *inter alia,* that the bank, through its agents, had advised them in certain documents that the loan would have a term of 20 years. They therefore

claimed to have satisfied the mortgage debt, even though the mortgage debt had not been fully amortized in accordance with the terms of the bond. In support of the bank's cross motion for summary judgment, a bank officer admitted that in 1968 the bank had mistakenly believed that the loan would be amortized within 20 years, but pointed out that the unambiguous terms of the bond required the making of the monthly payments for a longer period. Further, the bank's officer suggested that if a 20-year term were interpolated into the mortgage bond, the result would be to require satisfaction of the remaining balance in one final balloon payment.

The Supreme Court apparently accepted the bank's contention that the mortgage bond should be construed as having a 20-year term contained in it, so as to require the making of a final payment in a lump sum. The Supreme Court ordered a reference with respect to the computation of the actual sum due. Although we agree with the Supreme Court that the defendants have not satisfied the underlying debt, we do not agree that the remedy of foreclosure is warranted upon the theory stated in the complaint. We therefore modify the order appealed from so as to deny both parties' motions for summary judgment, and remit the matter to the Supreme Court for further proceedings.

Neither side may be permitted, by reference to extrinsic circumstances, to vary the unambiguous terms of the mortgage and mortgage bond (see, Stevens v Dogoli, 166 AD2d 884; Connelly & Blitzer Realty v Elwyn, 111 AD2d 555; Goldberg v Danann Realty Corp., 30 Misc 2d 894; 77 NY Jur 2d, Mortgages and Deeds of Trust, § 77). The bank may not interpolate a 20-year term into the bond, and then argue that the defendants are required to make a final "balloon" payment (see, e.g., Goldberg v Danann Realty Corp., supra). Similarly, the defendants may not interpolate a 20-year term into the bond, while at the same time insisting that the parties did not contemplate a final "balloon" payment, because this would nullify the express provision in the bond which requires that monthly payments be made "until the whole of the said principal * * * and interest * * * shall be fully paid and satisfied". Both parties must abide by the unambiguous terms of the bond as it is written. The defendants are thus contractually bound to continue to make the monthly payments of $143.29 until their entire debt is satisfied. Based on the foregoing, we conclude that the defendants are in default of the terms of the mortgage and mortgage bond.

However, in light of the bank's concession that it mistak-

enly believed that the term of the mortgage loan would be 20 years, and in light of the proof that the bank represented to the original mortgagors that the term of the loan would be 20 years, we also conclude that the defendants' affirmative defense based on equitable estoppel has merit, at least to the extent that the bank should be estopped from foreclosing on the defendants' property at this time. A mortgage lender may, under certain circumstances, be estopped from asserting its rights under a mortgage bond *(see, Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 184-185). Such an estoppel may, under certain circumstances, be imposed "in the interest of fairness to prevent the enforcement of rights which would work fraud or injustice upon the person against whom enforcement is sought and who, in justifiable reliance upon the opposing party's words or conduct, has been misled [to his detriment]" *(Nassau Trust Co. v Montrose Concrete Prods. Corp., supra,* at 184; *see also, Rothschild v Title Guar. & Trust Co.,* 204 NY 458, 464).

Under the particular circumstances of this case, we conclude that the matter should be remitted to the Supreme Court for a hearing. As to all three defendants, the court should devise a fair and equitable payment schedule so as to allow them to account for those monthly payments that have not been made since May 1988 and for the payment of real estate taxes and insurance premiums, as well as for whatever payments may be due in the future *(see, Totowa Sav. & Loan Assn. v Crescione,* 144 NJ Super 347, 365 A2d 713). At the conclusion of this hearing, the Supreme Court should enter a judgment incorporating the payment schedule to be followed, and dismissing the bank's complaint for foreclosure with leave to commence a new action in the event that the defendants default in complying with that schedule. Bracken, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.