■ ARTHUR WAGNER, Appellant, v PHILIP MAENZA et al., Defendants, and PRUDENTIAL HOME MORTGAGE COMPANY, INC., as Successor in Interest to IMPERIAL SAVINGS ASSOCIATION, Respondent. (Action No. 1.) PRUDENTIAL HOME MORTGAGE COMPANY, INC., as Successor in Interest to PRUDENTIAL HOME MORTGAGE COMPANY, Respondent, v PHILIP MAENZA et al., Defendants, and ARTHUR WAGNER, Appellant. (Action No. 2.) [636 NYS2d 857] —In two related actions to foreclose two mortgages, Arthur Wagner, the plaintiff in the first action and a defendant in the second action, appeals from an order of the Supreme Court, Nassau County (Roberto, J.), entered August 4, 1994, which, inter alia, granted the motion of Prudential Home Mortgage Company, Inc., a defendant in the first action and the plaintiff in the second action, for summary judgment on the issue of mortgage priority determining that the mortgage held by Prudential Home Mortgage Company, Inc., was superior to the mortgage held by Arthur Wagner.

Ordered that the order is affirmed, with costs.

Arthur Wagner and Prudential Home Mortgage Company, Inc. (hereinafter Prudential) contemporaneously held mortgages on the same residential real property. Notwithstanding

that the mortgage held by Wagner was recorded on March 15, 1988, before Prudential recorded its mortgage on March 30, 1988, Prudential claimed priority as a matter of law because it had satisfied a third-party lender's senior first mortgage lien on the property out of the proceeds of the loan issued in connection with its own mortgage. Wagner's mortgage, taken by him by assignment, was expressly made subject to and subordinate to the third-party lender's first mortgage of record.

The doctrine of equitable subrogation applies "where the funds of a mortgagee are used to satisfy the lien of an existing, known incumbrance when, unbeknown to the mortgagee, another lien on the property exists which is senior to his but junior to the one satisfied with his funds. In order to avoid the unjust enrichment of the intervening, unknown lienor, the mortgagee is entitled to be subrogated to the rights of the senior incumbrance" (King v Pelkofski, 20 NY2d 326, 333-334; see also, Zeidel v Dunne, 215 AD2d 472; Whitestone Sav. & Loan Assn. v Moring, 286 App Div 1042).

The Supreme Court properly found that Prudential's mortgage was superior to Wagner's mortgage since Wagner's mortgage was expressly subordinate to the senior first mortgage held by Citibank. When the Citibank mortgage was satisfied by Prudential on March 9, 1988, Prudential became subrogated to the full extent of Citibank's priority rights and interests.

Furthermore, the Supreme Court correctly determined that interest should be included in the calculation of the amount due to Prudential on its superior mortgage (see, King v Pelkofski, supra, at 335; Whitestone Sav. & Loan Assn. v Moring, supra, at 1043).

We have reviewed the appellant's remaining contentions and find them to be without merit. Bracken, J. P., Altman, Hart and Goldstein, JJ., concur.