■ GE Capital Mortgage Services, Inc., Formerly Known as Travelers Services, Inc., Appellant, v Eulalio Campos et al., Defendants, and Konstantinos Panapakides, Respondent. [689 NYS2d 209] —In an action to foreclose a mortgage on real property, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered January 17, 1997, as denied that branch of its motion which was for summary judgment against the defendant Konstantinos Panapakides.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for summary judgment against the defendant Konstantinos Panapakides is granted.

In conjunction with the sale of certain real property, the plaintiff acquired a mortgage as security for its loan of $211,500 to the purchasers, and the defendant Konstantinos Panapakides contemporaneously took back a mortgage from the purchasers to secure their debt of $23,500 to him. The Panapakides mortgage expressly provided that it was "subject to and subordinate to" the mortgage held by the plaintiff and executed on the same date. Although both mortgages were thereafter recorded on the same date, the Panapakides mortgage was recorded first. The plaintiff subsequently commenced this foreclosure action, which Panapakides opposed to the extent of contending that his mortgage lien had priority over that of the plaintiff and had to be satisfied first. The Supreme Court

denied that branch of the plaintiff's motion which was for summary judgment against Panapakides, agreeing with Panapakides that his lien had priority because it was recorded first, and that the subordination provision set forth in his mortgage could not be enforced against Panapakides because he never signed the instrument. We now reverse and grant the plaintiff summary judgment against Panapakides.

Initially, we find unpersuasive the contentions of Panapakides that the plaintiff's notice of appeal refers to a different order than that which appears in the record, and that the plaintiff is precluded from raising certain issues, including the inapplicability of the Statute of Frauds, on this appeal. The plaintiff's notice of appeal clearly and unequivocally identifies the order which partially denied its motion for summary judgment as the order appealed from, and a copy of that order not only appears in the record, but also was appended to the plaintiff's notice of appeal. Similarly, the contentions set forth in the plaintiff's brief, including those pertaining to the Statute of Frauds, involve issues which were advanced before and decided in the Supreme Court. Accordingly, neither the plaintiff's appeal nor the issues raised therein are procedurally defective.

Turning to the merits, the Supreme Court erred in determining that the Panapakides mortgage has priority over the mortgage held by the plaintiff. Regardless of the order in which the instruments were recorded, Panapakides is bound by the unambiguous terms of his mortgage (*see, Carver Fed. Sav. & Loan Assn. v Glanzer,* 186 AD2d 706), including the provision which expressly subordinates his interest to that of the plaintiff (*see generally, Wagner v Maenza,* 223 AD2d 640). Furthermore, the Panapakides mortgage satisfies the Statute of Frauds, since it contains all of the essential terms of the agreement (*see generally, Delfino v Estate of Parkinson,* 159 AD2d 476) and is signed by the persons who created the interest which was conveyed to Panapakides (*see,* General Obligations Law § 5-703 [1]). There was no additional requirement that Panapakides also sign the instrument. In short, Panapakides can assert no greater interest in the property than that which was conveyed to him, nor can he avoid the express subordinate nature of that interest by invoking the recording statute (*see,* Real Property Law § 291) and the Statute of Frauds. Under these circumstances, the plaintiff is entitled to summary judgment against Papanakides. O'Brien, J. P., Florio, H. Miller and Smith, JJ., concur.