■ Joseph P. Wranovics, as Executor of Antonia Puchart, Deceased, Appellant, v Nevin P. Finnerty, Respondent, et al., Defendants. [716 NYS2d 799] —Crew III, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered November 10, 1999 in Delaware County, which, *inter alia,* denied plaintiff's motion for partial summary judgment.

On November 14, 1994, Antonia Puchart (hereinafter decedent) executed a contract of sale for her residence located in the Town of Middletown, Delaware County. Pursuant to the terms thereof, decedent agreed to sell her home to defendant Nevin P. Finnerty (hereinafter defendant) for $42,000, with an

allowance of $30,000 for "services rendered" by defendant to decedent from 1980 to 1994. Defendant executed a note and mortgage in favor of decedent for the remaining $12,000 of the purchase price, and decedent transferred the deed to defendant. Insofar as is relevant to this appeal, the mortgage contained a forgiveness provision, which provided that in the event that decedent died before the mortgage was satisfied, the mortgage would be deemed to be paid in full and decedent's executor would be obligated to provide defendant with a satisfaction of mortgage.

Approximately six weeks later, decedent died and plaintiff, her nephew, subsequently was appointed the executor of her estate. When defendant refused to make payments on the note, plaintiff commenced this action seeking, in the first cause of action, to invalidate the forgiveness provision in the mortgage, thereby obligating defendant to pay the balance due under the note to decedent's estate. Defendant answered and counterclaimed for a satisfaction of mortgage. Plaintiff thereafter moved for partial summary judgment on the first cause of action, and defendant cross-moved for dismissal thereof. Supreme Court denied plaintiff's motion and granted defendant's cross motion dismissing the first cause of action, prompting this appeal by plaintiff.

We affirm. Initially, we reject plaintiff's assertion that the forgiveness provision contained in the mortgage constituted a future surrender of an interest in real property, thereby obligating decedent to execute the mortgage in order for it to be valid. The subject mortgage contained all of the essential terms and was duly signed by the party to be charged, i.e., defendant. A "mortgagee * * * need not, and in practice never does, sign the mortgage instrument" (1 Drussel and Foran, Mortgages and Mortgage Foreclosure in New York § 3:11 [rev ed]), and there was no additional requirement obligating decedent to do so here (see, GE Capital Mtge. Servs. v Campos, 261 AD2d 356, 357).

Equally unpersuasive is plaintiff's contention that we cannot view the documents executed in conjunction with the mortgage as part of a single, integrated transaction and examine the circumstances surrounding their execution. As a general rule, "instruments executed at the same time as a mortgage, and intended to be a part of the same transaction, will be treated as a part thereof" (9 Warren's Weed, New York Real Property, Mortgages, § 10.03 [2] [a] [4th ed]). Here, defendant and decedent's attorney, Gary Rosa, each averred, and the record confirms, that the contract of sale, deed, note and mortgage

were all prepared by Rosa and were all executed on the same day. Rosa's preparation of these documents and decedent's execution of the contract of sale and deed in his presence is significant for two reasons. First, absent proof to the contrary, we may only presume that the documents prepared by Rosa for decedent accurately memorialized her wishes.[1] Further, by tendering her deed to the property in exchange for the note and mortgage, decedent accepted those instruments as adequate consideration for the transfer. We need no authority for the proposition that decedent either read (or is presumed to have read) the note and mortgage at the time she tendered such deed.[2] Moreover, even if decedent did not read the mortgage, which her own lawyer prepared, she is charged with constructive notice of its provisions by virtue of the mortgage having been made a matter of public record by its recordation the following day. In any event, the mere acceptance of the mortgage gives rise to an implication of assent to its terms, even if we were to presume that decedent was ignorant of its contents (*see, Murray v Cunard S. S. Co.,* 235 NY 162, 166; *Schley v Fryer,* 100 NY 71, 75; *see also,* Restatement [Second] of Contracts § 106).

In sum, as decedent's intent to accept an indebtedness terminable at her death is fully reflected in her acceptance of the note and mortgage in exchange for her deed, this Court should not "make a better bargain for * * * decedent than [she] made for [herself]" (*Matter of Cairns,* 33 Misc 2d 621, 624). Accordingly, Supreme Court's order dismissing plaintiff's first cause of action is affirmed. Plaintiff's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.

---

1. We note, however, that plaintiff's remaining cause of action, wherein he asserts that the entire transaction should be rescinded due to defendant's alleged undue influence or decedent's alleged lack of capacity, remains extant.

2. In this regard, we note that the presence of the mortgage forgiveness provision is evident upon a cursory review of the document, as such clause is a typewritten addition to the preprinted mortgage form.