■ Dorit Levy, Respondent, v Prime East 15th, LLC, et al., Appellants, et al., Defendants. [933 NYS2d 587]—

The defendants Prime East 15th, LLC, and Jacob Frank (hereinafter together the appellants) failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The appellants did not demonstrate that the mortgage at issue was invalid due to the seller's failure to convey marketable title to the underlying property or for lack of consideration (*see Wranovics v Finnerty*, 277 AD2d 841, 843 [2000]; *Hamm v Slavin*, 257 AD2d 805, 806-807 [1999]; *Vinciguerra v Northside Partnership*, 188 AD2d 861, 862-863 [1992]). Furthermore, the appellants failed to demonstrate that they were not in default in their payment of the mortgage at the time the action was commenced, or that they were not provided notice of that alleged default. Accordingly, the Supreme Court properly denied the appellants' cross motion for summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the plaintiff's opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Additionally, because the appellants failed to establish the existence of fraud, misrepresentation, or misconduct on the part of the plaintiff, the Supreme Court properly denied that branch of their separate cross motion which was pursuant to CPLR 5015 (a) (3) to vacate so much of the order dated May 19, 2010, as directed them to produce a certain memorandum (*see Citicorp Vendor Fin., Inc. v Island Garden Basketball, Inc.*, 27 AD3d 608, 609 [2006]; *Aames Capital Corp. v Davidsohn*, 24 AD3d 474, 475 [2005]; *Abacus Real Estate Fin. Co. v P.A.R. Constr. & Maintenance Corp.*, 128 AD2d 821 [1987]). Mastro, J.P., Chambers, Sgroi and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 31238(U).]**