137 N.J. Super. 353 (1975)
349 A.2d 96
LEISURE TECHNOLOGY-NORTHEAST, INC., PLAINTIFF-RESPONDENT,
v.
KLINGBEIL HOLDING COMPANY AND VILLAGE OF WOODLAKE CO., DEFENDANTS-APPELLANTS, AND AMERICAN FLETCHER NATIONAL BANK AND TRUST COMPANY AND THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Submitted November 12, 1974.
Decided December 2, 1975.
*355 Before Judges HALPERN, CRANE and MICHELS.
Messrs. Greenbaum, Greenbaum, Rowe & Smith, attorneys for appellants (Messrs. Stephen A. Roth and Charles Applebaum on the brief).
Messrs. Giordano & Halleran, attorneys for respondent (Mr. Dale S. Orlovsky on the brief).
The opinion of the court was delivered by CRANE, J.A.D.
This is an appeal, pursuant to leave granted, from an interlocutory order in an action to foreclose a mortgage commenced in the Chancery Division. Defendants filed an answer and counterclaim alleging that plaintiff's wrongful and fraudulent actions subsequent to the execution of the mortgage caused Klingbeil's default on the mortgage and that under the equitable principle of unclean hands plaintiff should be denied the right to foreclose. In simplified terms, the answer alleged as a first affirmative defense that plaintiff breached a contract relating to the development of *356 parcels of land within a planned recreational community; that the local zoning ordinance limited the percentage of three-bedroom units which could be constructed overall in the zone to 20%, and that plaintiff falsely and fraudulently represented to the planning board that it had the right to allocate to a parcel it planned to develop itself a rate of 33 1/3% of three-bedroom units. Defendants also alleged that the false representations caused the planning board to grant site plan approval to plaintiff and to deny site plan approval to a proposal submitted by the assignee of defendant Klingbeil. Defendants further alleged that the denial of site plan approval caused them to lose the opportunity to sell some of the land to their assignee American Housing Systems Corp. which resulted in the inability to meet the mortgage payments. Defendants also sought damages, injunctive relief and an accounting. The trial judge granted plaintiff's motion to strike the first affirmative defense asserted in the answer of defendants Klingbeil, Woodlake and American Fletcher National Bank and Trust Company which alleged fraudulent conduct on the part of plaintiff. The judge also granted plaintiff's motion to sever defendants' counterclaim and to transfer it to the Law Division for trial. Additionally, he denied the application of defendants Klingbeil and Woodlake for discovery pertinent to the answer and counterclaim.
We have carefully reviewed the record and have concluded that the trial judge took too narrow a view of the scope of permissible Chancery litigation. R. 4:6-2 requires that every defense to an action "legal or equitable, in law or in fact" be asserted in an answer. Ordinarily, failure to set forth a defense constitutes a waiver. R. 4:5-4; R. 4:6-7. A party who resorts to equity to foreclose a mortgage exposes himself to the operation of equitable principles and must submit to an equitable resolution of the issues raised. Spiotta v. William H. Wilson, Inc., 72 N.J. Super. 572, 579 (App. Div. 1962), certif. den. 37 N.J. 229 (1962). The defense of unclean hands is cognizable in a foreclosure action. Atlantic Seaboard Co. v. Seaside Park, 36 N.J. Super. *357 142 (App. Div. 1955), certif. den. 19 N.J. 619 (1955); Taylor v. Mitchell, 90 N.J. Super. 312 (Ch. Div. 1966). Plaintiff has cited Montclair Savings Bank v. Sylvester, 122 N.J. Eq. 518 (E. & A. 1937), and other cases decided prior to the adoption of our 1947 Constitution to the effect that unless the defense sought to be interposed goes to the validity or existence of the underlying debt or mortgage, it may not be raised in a foreclosure action. We are of the opinion that the principles of those cases are no longer controlling. The single controversy doctrine requires that a party litigate all aspects of a controversy in a single legal proceeding. N.J. Const. (1947), Art. VI, § III, par. 4; Falcone v. Middlesex Cty. Med. Soc., 47 N.J. 92 (1966). One of the purposes of the adoption of the Judicial Article of the 1947 Constitution was to permit the resolution of all aspects of a controversy between parties to be resolved in a single forum, whether the claims be legal or equitable in nature. Massari v. Einsiedler, 6 N.J. 303 (1951). The reasons for such a policy were expressed in Applestein v. United Board & Carton Corp., 35 N.J. 343 (1961), as follows:
* * * The sound administration of a judicial system requires that all facets of a single dispute between parties be completely determined in one action. Thus, to end wasteful division of authority between the court of law and the court of chancery in our former judicial system our 1947 Constitution provided that "the Law Division and the Chancery Division shall each exercise the powers and functions of the other division when the ends of justice so require, and legal and equitable relief shall be granted in any cause so that all matters in controversy between the parties may be completely determined." Constitution of 1947, Art. VI, sec. III, par. 4. To implement this policy of judicial administration, we have held that a defendant must assert all matters which will defeat a claim against him and a plaintiff must seek complete relief for vindication of the wrong he charges. [at 356]
We are also of the view that the counterclaim should not have been severed and transferred to the Law Division. R. 4:7-1 provides in part as follows:
*358 Except as otherwise provided by R. 4:67-4 (summary actions) and except in foreclosure actions (in which only germane counterclaims may be pleaded), a pleading may state as a counterclaim any claim against the opposing party whether or not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim. * * *
The use of the word "germane" in the language of the rule undoubtedly was intended to limit counterclaims in foreclosure actions to claims arising out of the mortgage transaction which is the subject matter of the foreclosure action. We see no intention to prohibit or restrict counterclaims in a more narrow sense. See 30 N.J. Practice (Cunningham and Tischler, Laws of Mortgages), § 246 (1975). See also, N.J.S.A. 2A:50-29 which specifically permits set-offs. Here the thrust of the counterclaim is the assertion that plaintiff had breached the underlying agreement in relation to which the mortgage was executed and interfered with defendants' rights under that agreement. In the usually understood sense of the word, these claims were germane to the foreclosure action. We are persuaded that the single controversy doctrine to which we have referred above requires a liberal rather than a narrow approach to the question of what issues are "germane."
The court below dismissed defendants' application for discovery because of the view it took of the permissibility of the answer and counterclaim. It did so, however, without prejudice. On remand defendants should be permitted to pursue such discovery as may be appropriate.
The order striking defendants' first affirmative defense and severing the counterclaim and transferring it to the Law Division is reversed. The cause is remanded to the Chancery Division for further procedings consistent with this opinion. We do not retain jurisdiction.