166 N.J. Super. 22 (1979)
398 A.2d 1308
SOLOMON ZAROMB, PLAINTIFF-APPELLANT,
v.
ALINA BORUCKA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted January 16, 1979.
Decided January 31, 1979.
*24 Before Judges FRITZ and BISCHOFF.
Mr. Solomon Zaromb, appellant, pro se.
Ms. Alina Borucka, respondent, pro se.
PER CURIAM.
Plaintiff Solomon Zaromb filed a two-count complaint in Essex County District Court seeking recovery of damages in the first count for slander and in the second count for alleged "slanderous and malicious interference with plaintiff's business relation."
Defendant Alina Borucka filed an answer denying all liability and a "cross-complaint" seeking damages for "false and malicious prosecution."
By judgment dated July 13, 1977 both the complaint and the "cross-complaint" were dismissed with prejudice "on the grounds of res judicata." Plaintiff appeals from that dismissal.
The procedural history and background of the litigation between plaintiff and defendant is lengthy, and we are hampered in our appellate review by the absence of pertinent transcripts of the proceedings in prior lawsuits. However, the briefs of the parties, the pleadings in this and prior lawsuits, as well as affidavits filed during the course of the litigation between the parties reveal the following pertinent facts.
Plaintiff and defendant are research scientists and entered into a contract on December 6, 1973. On February 5, 1975 Borucka filed a complaint in New Jersey Superior Court naming Zaromb and several corporations defendants. In this complaint she sought damages for alleged breach of contract, *25 the return of personal property, damages for alleged libel and slander, the appointment of a receiver and other relief.
Zaromb filed an answer to the complaint and also a counterclaim (improperly labeled a cross-complaint, R. 4:7-1) which, through amendments, eventually consisted of 12 counts. In it Zaromb alleged he was owed damages for tortious interference with contractual relations and for breach of contract. No count of the counterclaim alleged slander or libel. Both the complaint and the counterclaim were founded on factual allegations extending from the date of the contract, December 6, 1973 to January 30, 1975. The case was assigned a peremptory trial date of April 5, 1976. Ten days prior thereto defendant, by motion, sought leave to file a supplemental counterclaim asserting a cause of action for damages for slander allegedly based upon newly discovered evidence. This motion was denied because trial was imminent.
Trial commenced on its assigned date and terminated in a mistrial. Zaromb again moved for leave to file the supplemental counterclaim. While we are not provided with a transcript of the judge's ruling, we are informed that the denial of leave to file the supplemental counterclaim was due to the lack of sufficient time for discovery prior to the peremptory scheduled retrial date. The trial judge made the further observation that Zaromb would have an opportunity, by the institution of a separate suit, to have the subject of the proposed supplemental counterclaim adjudicated. Borucka does not dispute this.
The trial of that case pending in the Superior Court lasted six weeks. While appeals were taken from the judgments entered therein, they were not perfected and the appeals were dismissed. After termination of the trial described, this present Essex County District Court suit was instituted.
We pass preliminary proceedings and note that on the day this case was scheduled for trial the judge examined the pleadings, heard argument from the parties and without taking any testimony, said:
*26 All right. I find as a matter of fact from all the pleadings before me, the motions, the transcripts, the records of prior proceedings, that the issues involved herein, whether or not they were tried, were at least decided upon by Superior Court, that there were appeals pending, that there are still presently appeals pending, that the proper forum for this case has already been resorted to, and the fact the ad damnum is changed to read "below $3,000.00," does in no way change the cause of action; $3,000.00 or less. And I find that this entire matter is res adjudicate, and I'm therefore going to dismiss both the complaint and the counterclaim.
This appeal followed.
The second count of the complaint sought damages for defendant's alleged malicious interference with plaintiff's business relation. That same cause of action was asserted in the prior lawsuit and dismissal of that count in this suit on res judicata grounds was proper and is affirmed. Cf. United Rental Equip. Co. v. Aetna Life & Cas. Ins. Co., 74 N.J. 92, 101 (1977).
However, we are satisfied that dismissal of the first count on res judicata grounds was error. The pleadings submitted to us in the prior action are barren of any reference to a cause of action for slander and libel. If the dismissal of the first count can be supported at all, it must be by reference to the entire controversy doctrine. That doctrine requires each party to litigate all aspects of a controversy in one legal proceeding. Malaker Corp. Stockholders Protective Comm. v. First Jersey Nat. Bank, 163 N.J. Super. 463 (App. Div. 1978); Wm. Blanchard Co. v. Beach Concrete Co., Inc., 150 N.J. Super. 277, 293-294 (App. Div. 1977) certif. den. 75 N.J. 528 (1977): Leisure Technology v. Klingbeil, 137 N.J. Super. 353, 357 (App. Div. 1975).
That which constitutes the "outer limits" of a controversy for purposes of application of the doctrine must be determined by an empirical analysis focusing on the components of a dispute.
* * * [A]n evaluation must be made of each potential component of a particular controversy to determine the likely consequences of *27 omission of that component from the action and its reservation for litigation another day. If those consequences are likely to mean that the litigants in the action as framed will, after final judgment therein is entered, be likely to have to engage in additional litigation in order to conclusively dispose of their respective bundles of rights and liabilities which derive from a single transaction or related series of transactions, then the omitted component must be regarded as constituting an element of the minimum mandatory unit of litigation. That result must obtain whether or not that component constitutes either an independent cause of action by technical common-law definition or an independent claim which, in the abstract, is separately adjudicable. [Wm. Blanchard Co. v. Beach Concrete Co., Inc., supra, 150 N.J. Super. at 293-294]
We must determine whether Zaromb's present claim for slander is among the "bundle of rights" arising from the series of transactions litigated in the prior suit and, if so, was Zaromb aware of its existence. Both Wm. Blanchard Co. v. Beach Concrete Co., Inc., and Malaker Corp. Stockholders Protective Comm. v. First Jersey Nat'l Bank, supra, 163 N.J. Super. at 498, 500, impliedly hold that if a party does not know of a related claim, the entire controversy doctrine does not operate as a bar to a second suit on the unknown claim.
The pleadings in the prior lawsuit closed with the filing of a twelfth count of a supplemental counterclaim and plaintiff's answer to it. None of the pleadings in that action alleged a claim or acts occurring after December 1975. Zaromb by affidavit alleges he first learned of the alleged slander in March 1976 and this knowledge was promptly followed by his motion for leave to add this alleged cause of action to the then pending lawsuit with the result heretofore outlined. We conclude that Zaromb's asserted claim for slander was not encompassed within the bundle of rights and liabilities adjudicated in the prior suit. Nor could it have been included for he was not aware of its existence until it was too late to include it in the pending controversy. It follows that it was not barred by either the principle of res judicata or the entire controversy doctrine. It *28 was error to dismiss the first count of plaintiff's complaint and the judgment of dismissal of that count is reversed and the matter remanded to the trial court for further proceedings consistent herewith.
The judgment of dismissal is in all other respects affirmed.
No costs to either party.