NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4727
_____

STACY COLEMAN, individually and as class representative
On behalf of others similarly situated formally known as STACY KOVILARITCH


v.

CHASE HOME FINANCE, LLC, Successor by merger to
CHASE MANHATTAN MORTGAGE CORP.;
JOHN DOE 1-100; JOHN DOE SERVICERS 1-100

Stacy Coleman,
                                        Appellant
_____

On Appeal from the United States District Court
For the District of New Jersey
(Civ. No. 08-cv-02215)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Under Third Circuit L.A.R. 34.1(a),
May 24, 2011

BEFORE:  FUENTES, FISHER, and NYGAARD, *Circuit Judges*

(Opinion Filed: July 12, 2011)
_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*.

Appellant Stacy Coleman filed a class action suit against Appellee Chase Home Finance, LLC ("Chase"), alleging thirteen separate causes of action, all stemming from allegedly excessive fees she was charged to reinstate her mortgage after a foreclosure judgment in favor of Chase. Initially, the District Court dismissed the complaint for lack of subject matter jurisdiction under 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA"). After Coleman amended the complaint to correct jurisdictional deficiencies, Chase moved to dismiss under Rule 12(b)(6), and the District Court granted the motion, dismissing the amended complaint on the basis of New Jersey's entire controversy doctrine. For the reasons set forth below, we will affirm.

## I.

Because we write for the parties, we discuss the facts only to the extent necessary for the resolution of the issues raised on appeal. On October 28, 1997, Coleman secured a mortgage on her home from Eastern American Mortgage Company, and the mortgage note was then assigned to Chase. Coleman subsequently defaulted on her loan, and Chase filed a foreclosure action in the Chancery Division of the New Jersey Superior Court. The court entered judgment in favor of Chase in the amount of $90,401, and also awarded $1,600 in attorney's and other fees. Coleman, however, did not pay the judgment, and a foreclosure sale was stalled for approximately three and a half years while Coleman filed three bankruptcy proceedings. On November 4, 2005, after dismissal of the third bankruptcy proceeding, Chase sent Coleman a quote for reinstating the mortgage in return for a payment of $18,658. Of that total, the letter stated that $900 was to be collected for foreclosure fees and $5,791 was to be collected for foreclosure

2

costs. On January 17, 2006, Coleman paid in full the amount quoted by Chase to reinstate her mortgage. Three days later, the Chancery Court entered a judgment of dismissal without prejudice in the foreclosure action.

Two years after paying the reinstatement balance, Coleman commenced a class action suit against Chase alleging multiple claims, all related to alleged overcharges of attorney's costs and fees in the reinstatement quote.[1] Coleman asserted that the $6,691 worth of foreclosure costs and fees was not only in excess of the amount ordered by the Chancery Court, but that it was also in excess of those permitted by Fair Housing Act ("FHA") regulations and New Jersey statute and court rules. After the initial complaint was amended due to a jurisdictional defect regarding the "home state" exception to the CAFA, Chase renewed its motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and also moved to dismiss for failure to state a claim under Rule 12(b)(6). Although the District Court denied the 12(b)(1) motion, it granted Chase's 12(b)(6) motion to dismiss based on New Jersey's entire controversy doctrine.

Coleman filed a timely appeal. We have jurisdiction over the District Court's final order pursuant to 28 U.S.C. § 1291.

**II.**

---

[1] Those claims include: (1) breach of contract; (2) intentional misrepresentation; (3) negligence; (4) breach of duty of good faith and fair dealing; (5) unjust enrichment; (6) unfair and deceptive assessment and collection of fees; (7) violation of the Fair Foreclosure Act ("FFA"); (8) excessive fees in violation of New Jersey Court Rule R 4:42-9(a)(4); (9) excessive taxed costs in violation of various state statutes; (10) violation of New Jersey's Consumer Fraud Act ("CFA"); (11) forfeiture of interest; and (12) violation of the Truth-In Consumer Contract, Warranty and Notice Act.

Rule 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule (12)(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lacks facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, --- F.3d ----, 2011 WL 2321393 at *5 (3d Cir. June 14, 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). We conduct plenary review of the grant of a motion to dismiss for failure to state a claim. *Id.* Because we find that New Jersey's entire controversy doctrine would bar recovery in this case, we agree with the District Court that Coleman has failed to state a claim upon which relief may be granted.

The entire controversy doctrine compels the parties, when possible, to bring all claims relevant to the underlying controversy in one legal action. When the court finds that a claim not joined under the original action falls within the scope of the doctrine, that claim is barred. N.J. Ct. R. 4:30A. The doctrine "seeks to further the judicial goals of fairness and efficiency by requiring, whenever possible, 'that the adjudication of a legal controversy should occur in one litigation in only one court.'" *Circle Chevrolet Co. v. Giordano, Halleran & Ciesla*, 662 A.2d 509, 513 (N.J. 1995) (quoting *Cogdell v. Hospital Ctr.*, 560 A.2d 1169, 1172 (N.J. 1989)). The doctrine is also applied to New Jersey claims in federal court. *Bennun v. Rutgers State Univ.*, 941 F.2d 154, 163 (3d Cir. 1991). However, application of the entire controversy doctrine is "equitable in nature" and based substantially on "judicial fairness," meaning that the Court must balance

4

considerations of judicial efficiency as well as fairness to the litigants. *Cafferata v. Peyser*, 597 A.2d 1101, 1103 (N.J. Super. Ct. App. Div. 1991)

New Jersey courts have held that the primary consideration in determining if successive claims are part of the same controversy is whether the claims "arise from related facts or from the same transaction or series of transactions." *DiTrolio v. Antiles*, 662 A.2d 494, 502 (N.J. 1995). It is a "commonality of facts, rather than [a] commonality of issues, parties, or remedies that defines the scope of the controversy." *Id.* at 504. The limits of the entire controversy doctrine with regards to foreclosure actions are necessarily somewhat narrower, as N.J. Ct. R. 4:64-5 requires that only "germane" counterclaims may be joined in a foreclosure action. *See* N.J. Ct. R. 4:30A.

Claims are considered to be germane to a foreclosure action if they arise out of the mortgage that is the basis of the foreclosure action. *Leisure Technology-Northeast, Inc. v. Klingbeil Holding Co.*, 349 A.2d 96, 98 (N.J. Super. Ct. App. Div. 1975). Here, Coleman's claims arose directly out of a reinstatement quote that was provided to her as an alternative to a foreclosure sale, and the excessive fees allegedly charged by Chase would not have been charged but for the foreclosure action. Accordingly, Coleman's causes of action arose out of and were germane to the original foreclosure action.

However, Coleman makes three arguments why her federal claims should not fall within the doctrine despite the fact that they are otherwise "germane" to the foreclosure action. First, the doctrine is not a bar to successive claims where they have accrued after the pendency of the of the original action. *McNally v. Providence Washington Ins. Co.*, 698 A.2d 543, 548 (N.J. Super. Ct. App. Div. 1997). Coleman argues that the foreclosure

5

action was no longer pending once judgment was issued on August 1, 2002, and thus her claims are not barred by the entire controversy doctrine. We disagree. A court retains jurisdiction in a foreclosure action even after a final judgment, until delivery of the sheriff's deed under New Jersey Court Rule 4:65-5. *Sovereign Bank, FSB v. Kuelzow*, 687 A.2d 1039, 1043 (N.J. Super. Ct. App. Div. 1997). "The foreclosure action, although already the subject of a judgment, is not totally concluded until the defendants' equity of redemption is cut off by the delivery of the sheriff's deed." *Id.* Here, the fact that the foreclosure sale had been stalled due to the bankruptcy proceedings and the judgment had not been paid meant that the foreclosure action continued to be pending until Coleman paid the reinstatement quote and the judge vacated the judgment and dismissed the claims on January 20, 2006. Thus, the state court still had jurisdiction over the matter and Coleman could have brought her claims as a part of the original foreclosure action until January 20.

Second, Coleman argues that the entire controversy doctrine does not apply to "related claims which were unknown, or had not arisen or accrued during the pendency of the original action." *Riemer v. St. Clare's Riverside Med. Ctr.*, 691 A.2d 1384, 1388 (N.J. Super. Ct. App. Div. 1997). New Jersey's discovery rule states that a cause of action has not accrued unless the plaintiff knows or should have known that "(1) she has suffered damage and (2) that the damages were caused by the fault of another." *Maertin v. Armstrong World Indus. Inc.*, 241 F.Supp.2d 434, 458 n.18 (D.N.J. 2002). Therefore, if Coleman was unaware of either of these facts at the time the foreclosure action became final on January 20, 2006, her successive causes of action would not yet have accrued

6

and the doctrine would be inapplicable. Yet, when Coleman received the reinstatement quote from Chase on November 4, 2005, she should have been aware that the amount differed substantially from the fee determination in the original foreclosure action. Her counsel, who had represented her since the original foreclosure action, and whom we presume reviewed the reinstatement quote, also should have been aware of these facts. Thus, her cause of action accrued on November 4 while the original foreclosure action was still pending, and she is barred by the entire controversy doctrine.

We also disagree with Coleman's argument that she did not have a "fair and reasonable opportunity to have fully litigated that claim in the original action." *Cafferata*, 597 A.2d at 1104. While it might not have been clear to Coleman that the fees charged by Chase in the reinstatement quote were allegedly in violation of state law, as explained above, it is undeniable that she was on notice, or should have been on notice, that the fees charged were substantially larger than those issued by the state court. This is especially true given that the same counsel represented Coleman from the time of the original foreclosure action up through the time that she paid the reinstatement quote.

Ultimately, the entire controversy doctrine requires equitable considerations and is determinable on a case-by-case basis. *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 137 (3d Cir. 1999). The "polestar for the application of the rule is judicial fairness." *Reno Auto Sales, Inc. v. Prospect Park Sav. & Loan Ass'n*, 581 A.2d 109, 113 (N.J. Sup. Ct. App. Div. 1990) (citing *Cogdell*, 560 A.2d at 1179) (internal quotation marks omitted). We must balance the plaintiff's right to bring a separate action against the defendant's right to avoid excessive litigation. Here, we are not persuaded that Coleman

7

was deprived of a fair opportunity to litigate her claims.  Accordingly, the District Court properly granted Chase's motion to dismiss under Rule 12(b)(6).

## III.

We further conclude that the District Court did not abuse its discretion by dismissing the complaint with prejudice.  Where amendment of a complaint could not possibly correct the defect that led to the original dismissal, the District Court does not abuse its discretion by denying leave to amend.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  Because any amendment to the complaint would not overcome the entire controversy deficiency, the District Court did not abuse its discretion.  We have considered Coleman's remaining claims and find they are without merit and require no further discussion.

## IV.

For the foregoing reasons, we affirm the ruling of the District Court.