**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3066
_____

BETTY A. BEMBRY,

Appellant

v.

TOWNSHIP OF MULLICA, a Municipal Corporation of the
State of New Jersey; BERTHA CAPPUCCIO;
KIMBERLY KIRKENDOLL, a/k/a Kimberly Johnson
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:16-cv-05734)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 14, 2018

Before:  GREENAWAY, JR., BIBAS and ROTH, Circuit Judges

(Opinion filed: September 20, 2018)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Betty A. Bembry appeals the District Court's orders dismissing her complaint and denying her motion for reconsideration. We will affirm the District Court's judgment.

In September 2016, Bembry filed a complaint in the United States District Court for the District of New Jersey, alleging that defendants – the Township of Mullica ("the Township"); Bertha Cappuccio, Mullica Township Tax Collector; and Kimberly Kirkendoll, municipal clerk – unlawfully obtained a final judgment of foreclosure against her property in Elwood, New Jersey. Specifically, Bembry alleges the following: In December 1985, the Township obtained and then concealed tax sale certificate #85-143 in the amount of $626.11 against her property. In 2010, the Township used that tax certificate to file a foreclosure complaint in rem against the property in the Superior Court of New Jersey. Bembry claims that she was unaware of the existence of the back taxes until the tax collector informed Bembry in November 2010 that a tax foreclosure had been filed on her property and that she would have to pay all back taxes. She requested time to pay the taxes, and received a follow-up letter from the Township's attorney informing her that she would have to pay "all back taxes and costs before they could do anything." She received no further correspondence from the tax collector or the Township attorney. The Superior Court entered final judgment in favor of the Township on December 10, 2010, after Bembry failed to answer the complaint.

In May and June 2015, Bembry filed motions to stay her eviction in the Superior Court, alleging notice deficiencies with respect to the foreclosure judgment and that the

2

Township "deliberately blocked me from paying off back taxes." The Superior Court denied both motions. In July and August 2015, Bembry filed motions to vacate the in rem foreclosure judgment, alleging that the Superior Court did not have jurisdiction over her because she was never served with the foreclosure complaint, that there were no delinquent taxes during the period identified in the tax sale certificate, and that "there was fraud in the conduct of the foreclosure." The Superior Court denied these motions. The Superior Court also denied Bembry's subsequent motion for reconsideration, determining that her allegations were "vague and unsupported," and that "[a]lthough [Bembry] claimed that the township committed fraud in the underlying action, . . . [she] provided no factual or evidential detail in support of this allegation, other than her arguments that she was never served with the [sic] in this action, which the Court determined was not true." (Dkt# 7-7 at 13). The Appellate Division affirmed, and Bembry was evicted from the property on March 23, 2016. The Superior Court denied Bembry's subsequent motions to vacate and for reconsideration, ordering that no further reconsideration motions would be permitted.

Bembry then turned to federal court. She alleged that the defendants violated her rights under the Fourteenth Amendment's Due Process and Equal Protection Clauses and the New Jersey Consumer Fraud Act by concealing the tax sale certificate and failing to notify her of the foreclosure complaint, which allowed defendants to fraudulently obtain the foreclosure judgment. The defendants filed a motion to dismiss. The District Court granted the motion and dismissed Bembry's complaint, concluding that "the same facts

3

form the basis of her claims both in this Court and in the underlying foreclosure action," D.C. Op. at 7, and the federal claims were therefore barred by New Jersey's Entire Controversy Doctrine. Bembry sought reconsideration, which the District Court denied. Bembry appeals.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's order dismissing Bembry's complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "[W]e accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). We review the District Court's denial of the motion for reconsideration for an abuse of discretion. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

The Entire Controversy Doctrine, New Jersey's "idiosyncratic" application of res judicata principles provides that a party must bring in one action "all affirmative claims that [it] might have against another party, including counterclaims and cross-claims" and must join "all parties with a material interest in the controversy," or "be forever barred from bringing a subsequent action involving the same underlying facts." Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 885-86 (3d Cir. 1997) (alteration in original) (quoting Circle Chevrolet Co. v. Giordano, Halleran & Ciesla, 662 A.2d 509,

4

513 (N.J. 1995)).[1] The primary consideration in determining if successive claims are part of the same controversy is whether the claims "arise from related facts or from the same transaction or series of transactions." DiTrolio v. Antiles, 662 A.2d 494, 502 (N.J. 1995). The limits of the entire controversy doctrine with regard to foreclosure actions are somewhat narrower, as N.J. Ct. R. 4:64–5 requires that only "germane" counterclaims may be joined in a foreclosure action. See N.J. Ct. R. 4:30A; In re Mullarkey, 536 F.3d 215, 229-30 (3d Cir. 2008) ("The use of the word 'germane' in the language of the rule undoubtedly was intended to limit counterclaims in foreclosure actions to claims arising out of the mortgage transaction which is the subject matter of the foreclosure action." (quoting Leisure Tech.-Ne., Inc. v. Klingbeil Holding Co., 349 A.2d 96, 98 (N.J. Super. Ct. App. Div. 1975)).

We agree with the District Court that the entire controversy doctrine bars Bembry's claims against the defendants. Even though Bembry's claims are now styled as constitutional or consumer fraud claims, in both the state and federal cases, Bembry has argued that the defendants were not entitled to foreclose on her property because they failed to provide proper notice and otherwise acted inappropriately with regard to tax certificate #85-143. Bembry could have presented all of these claims and defenses in state court in the initial foreclosure action and actually did present them, multiple times

---

[1] We note that the Ninth Circuit recently concluded that New Jersey's entire controversy doctrine did not apply to claims being heard in a federal district court sitting in California because "New Jersey law does not require extrajurisdictional application of its entire controversy doctrine." Daewoo Elecs. Am. Inc. v. Opta Corp., 875 F.3d 1241, 1254 (9th

and without success, in her motions to stay foreclosure, to vacate the judgment of foreclosure, and for reconsideration. As a result, her federal claims are barred by the entire controversy doctrine. See generally Delacruz v. Alfieri, 145 A.3d 695, 708 (N.J. Super. Ct. App. Div. 2015) ("Claims or defenses that went to the validity of the mortgage, the amount due, or the right of [mortgagee] to foreclose had to be raised in the foreclosure proceeding or they were barred.").[2]

Finally, the District Court did not abuse its discretion in denying Bembry's motion for reconsideration because she did not establish any bases for reconsideration. See Max's Seafood Café, 176 F.3d at 677.

For the foregoing reasons, we will affirm the District Court's judgment.

---

Cir. 2017). However, we are bound by our contrary precedent. See 3d Cir. I.O.P. 9.1.

[2] On appeal, Bembry appears to claim that her "complaint alleged sufficient facts from which a continuing tort could reasonably be inferred," but she did not raise this theory before the District Court, and cannot now do so for the first time on appeal. See Birdman v. Office of the Governor, 677 F.3d 167, 173 (3d Cir. 2012).