**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1718
_____

AJAY KAJLA,
                          Appellant

v.

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR CREDIT SUISSE
FIRST BOSTON MBS ARMT 2005-8; WELLS FARGO N.A.; PHELAN HALLINAN
DIAMOND & JONES PC
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-17-cv-08953)
District Judge:  Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 27, 2020
_____

Before:  CHAGARES, RESTREPO, and BIBAS, <u>Circuit</u> <u>Judges</u>.

(Filed: March 30, 2020)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

CHAGARES, Circuit Judge.

This action arises out of the foreclosure and sheriff's sale of appellant Ajay Kajla's home. Kajla filed a lawsuit alleging that the appellees, U.S. Bank and Wells Fargo, together with a non-party law firm, engaged in a fraudulent scheme to deprive him of his home by unlawfully assigning his mortgage and note and then foreclosing on it without standing to do so. The District Court dismissed Kajla's complaint and denied him leave to amend. For the reasons that follow, we will affirm.

I.

We write for the parties and so recount only the facts necessary to our decision. Kajla alleges that he defaulted on his $1,400,000 home mortgage — which was serviced by a unit of Wells Fargo — in September 2007. The law firm Phelan Hallinan Diamond & Jones PC ("Phelan Hallinan") sought to foreclose on the mortgage by filing a complaint in New Jersey state court in December 2007.[1] But Kajla contends that there were significant flaws in the law firm's actions, including the law firm's failure to record the assignment of the mortgage to U.S. Bank until after the filing of the complaint, in violation of New Jersey state court rules.

Kajla also alleges that between 2007 and 2014, he sought a loan modification from Wells Fargo to no avail, and that the foreclosure action should be dismissed because U.S. Bank and Wells Fargo never owned the mortgage note. Kajla contends that in 2015 and

---

[1] Although Kajla named Phelan Hallinan as a defendant in this action, he never served them with the summons and complaint, and the law firm is not a participant in this appeal.

2

2017, he requested information about the mortgage from U.S. Bank, Wells Fargo, and Phelan Hallinan, but all three entities failed to provide Kajla with a proper response. Kajla claims that U.S. Bank, Wells Fargo, and Phelan Hallinan (1) continued to proceed improperly with the foreclosure, (2) received a final judgment, and (3) planned a foreclosure sale for October 2017.

Kajla's complaint contains six counts, alleging fraud in violation of Regulation Z[2] (Count One), a violation of the Fair Debt Collection Practices Act (Count Two), a violation of the New Jersey Consumer Fraud Act and federal False Claims Act (Count Three), violations of the Racketeer Influenced and Corrupt Organizations Act (Count Four), fraud in violation of four different federal criminal statutes (Count Five), and tampering with public records under New Jersey law (Count Six).[3]

The District Court granted U.S. Bank and Wells Fargo's motion to dismiss and denied Kajla's "late motion to amend 'in lieu of' opposition." Kajla v. U.S. Bank Nat'l Ass'n, No. 17-8953, 2018 WL 1128498, at *1 (D.N.J. Mar. 1, 2018). As the District Court explained, a final judgment of foreclosure was entered on Kajla's property in March 2015 in the Superior Court of New Jersey, Chancery Division, which the Appellate Division affirmed on September 22, 2016. In October 2017, Kajla sought a stay from the District Court to prevent the foreclosure sale of the property from taking place. The District Court denied Kajla's request for a stay, in part because the court

---

[2] Regulation Z implements the Real Estate Settlement Procedures Act ("RESPA") and thefederal Truth in Lending Act. See 12 C.F.R. § 1026.1 (2017).

[3] Because Count Six was brought against only Phelan Hallinan, it is not at issue in this appeal.

3

concluded that a stay of the foreclosure sale would contravene the so-called <u>Rooker-Feldman</u> doctrine.

The District Court similarly concluded that Counts Two through Five of Kajla's complaint ran afoul of the <u>Rooker-Feldman</u> doctrine insofar as they invited the District Court to "review and reject the state court judgment," and that the court therefore lacked subject matter jurisdiction over those claims. <u>Id.</u> at 5. The District Court determined that Count One was not barred by <u>Rooker-Feldman</u> but failed to state a claim. Finally, the District Court denied Kajla's leave to amend as futile. This timely appeal followed.

II.[4]

Kajla principally contends on appeal that the District Court erred in applying the <u>Rooker-Feldman</u> doctrine in dismissing Counts Two through Five of his complaint. We first discuss why those claims were properly dismissed on an alternative ground, before turning to why the District Court's dismissal of Count One and its denial of leave to amend will be affirmed.

A.

U.S. Bank and Wells Fargo moved to dismiss Kajla's complaint both for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure

---

[4] Although the District Court concluded that it lacked subject matter jurisdiction over Counts Two through Five of the complaint, "a federal court always has jurisdiction to determine its own jurisdiction." <u>White-Squire v. U.S. Postal Serv.</u>, 592 F.3d 453, 456 (3d Cir. 2010) (quoting <u>United States v. Ruiz</u>, 536 U.S. 622, 628 (2002)). The District Court accordingly had jurisdiction to determine its own jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1367, and we have appellate jurisdiction under 28 U.S.C. § 1291.

4

to state a claim under Rule 12(b)(6).[5]  Because the District Court concluded that it lacked subject matter jurisdiction over Counts Two through Five, it did not reach the banks' argument that Kajla also failed to state a claim in those counts.

We "may affirm the district court on any ground supported by the record." Hildebrand v. Allegheny Cty., 757 F.3d 99, 104 (3d Cir. 2014).  While the District Court concluded that it lacked subject matter jurisdiction over Counts Two through Five, we need not reach that question as these Counts are barred by New Jersey's "entire controversy" claim preclusion doctrine.[6]  See Hoffman v. Nordic Nats., Inc., 837 F.3d 272, 277 (3d Cir. 2016) (noting that because "claim preclusion prohibits a court from reaching the merits of a claim," courts may "therefore . . . 'bypass' the jurisdictional inquiry in favor of a non-merits dismissal on claim preclusion grounds" (emphasis omitted)).

In order to determine "the preclusive effects of an earlier New Jersey state court judgment," we look to New Jersey law.  Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 142 (3d Cir. 1999).  Under New Jersey's "entire controversy doctrine, a party cannot withhold part of a controversy for later litigation even when the withheld component is a

---

[5] We exercise plenary review over a district court's decision to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) or for failure to state a claim under Rule 12(b)(6). Marran v. Marran, 376 F.3d 143, 149 (3d Cir. 2004); Hildebrand v. Allegheny Cty., 757 F.3d 99, 104 (3d Cir. 2014).  A motion to dismiss under Rule 12(b)(6) "may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lacks facial plausibility."  Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

[6] U.S. Bank and Wells Fargo urge affirmance on this ground in the alternative in their brief. Kajla, however, did not address this ground for affirmance in his reply brief.

5

separate and independently cognizable cause of action." In re Mullarkey, 536 F.3d 215, 229 (3d Cir. 2008). Because the doctrine is equitable in nature, "its application is flexible, with a case-by-case appreciation for fairness to the parties." Id. The "doctrine does not apply to bar component claims that are unknown, unarisen, or unaccrued at the time of the original action." Id.

As a general matter, the entire controversy doctrine provides that "[n]on-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine." N.J. Ct. R. 4:30A. With respect to foreclosures of mortgages specifically, however, such claims "shall not be joined with non-germane claims against the mortgagor or other persons liable on the debt" except upon court order for good cause. N.J. Ct. R. 4:64-5. Instead, "[o]nly germane counterclaims and cross claims may be pleaded in foreclosure actions without leave of court." Id. Non-germane claims are defined non-exclusively to include "claims on the instrument of obligation evidencing the mortgage debt, assumption agreements and guarantees." Id. But claims arising directly out of the mortgage that is the basis of the foreclosure action are "germane" for purposes of the entire controversy doctrine. See Leisure Tech.-Ne., Inc. v. Klingbeil Holding Co., 349 A.2d 96, 99 (N.J. Super. Ct. App. Div. 1975) (where "the thrust of the counterclaim is the assertion that plaintiff had breached the underlying agreement in relation to which the mortgage was executed and interfered with defendants' rights under that agreement," the counterclaim was "germane to the foreclosure action").

6

Here, Counts Two through Five all challenge U.S. Bank and Wells Fargo's allegedly fraudulent and illegal conduct in effectuating the foreclosure of Kajla's mortgage. These claims are entirely germane to the earlier state court foreclosure litigation. Moreover, Kajla's claims in Counts Two through Five were not "unknown, unarisen, or unaccrued at the time of the original action." In re Mullarkey, 536 F.3d at 229. Because barring Kajla from relitigating the validity of the foreclosure in this successive federal litigation serves the equitable interests underpinning New Jersey's entire controversy doctrine, we hold that Kajla is precluded from bringing these claims now and for that reason will affirm the District Court's grant of the motion to dismiss Counts Two through Five.

B.

The District Court also determined that Count One failed to state a claim and that amendment would be futile under any of the possible legal theories pursuant to the Real Estate Settlement Procedures Act ("RESPA") or the Truth in Lending Act suggested by Kajla's motion for leave to amend.[7] The court similarly concluded that amendment would be futile with respect to Kajla's other claims (Counts Two through Five). Kajla failed to preserve both issues — the dismissal of Count One and the denial of leave to amend the complaint — on appeal.

"We have long recognized, consistent with Federal Rule of Appellate Procedure 28(a) and Third Circuit Local Appellate Rule 28.1, that an appellant's opening brief must

---

[7] "We review the denial of a motion for leave to amend for abuse of discretion." Menkes v. Prudential Ins. Co. of Am., 762 F.3d 285, 290 (3d Cir. 2014).

set forth and address each argument the appellant wishes to pursue in an appeal." Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145 (3d Cir. 2017). Accordingly, "we have consistently refused to consider ill-developed arguments or those not properly raised and discussed in the appellate briefing." Id.

Kajla's opening brief on appeal makes no overt argument that the District Court erred in determining that Count One failed to state a claim. Nor are we able to discern any implicit arguments to that effect. The District Court concluded that Count One failed to state a claim under RESPA because at the time Kajla requested information about the mortgage, the mortgage loan had already been extinguished, placing Kajla outside of that statute's protections. Kajla's scattered references to RESPA throughout his opening brief provide us with no guidance on how Kajla believes the District Court erred in its analysis of his claim under that statute, or even whether Kajla in fact intends to challenge the District Court's disposition of the motion to dismiss Count One.

Similarly, Kajla makes only a perfunctory challenge to the District Court's denial of leave to amend on Counts One through Five, alluding to the existence of new evidence without elaboration, before listing the laws and regulations that he believes U.S. Bank and Wells Fargo violated, with no further explanation.

Kajla has accordingly failed to preserve any argument that the District Court erred in dismissing Count One or in denying leave to amend on Counts One through Five. We

decline to reach Kajla's forfeited arguments, and we will affirm the grant of the motion to dismiss Count One and the denial of leave to amend Counts One through Five.[8]

## III.

For the foregoing reasons, we will affirm the District Court's order granting U.S. Bank and Wells Fargo's motion to dismiss and denying Kajla leave to amend.

---

[8] We have considered Kajla's other arguments and find them unavailing.