**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4023-19

MARVIN HOWARD,

    Plaintiff-Appellant,

v.

WELLS FARGO BANK, N.A.,

    Defendant-Respondent.

_____

        Submitted April 19, 2021 – Decided September 8, 2021

        Before Judges Suter and Smith.

        On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-7937-19.

        Marvin Howard, appellant pro se.

        Reed Smith, LLP, attorneys for respondent (Henry F. Reichner, of counsel and on the brief; Greyson K. Van Dyke, on the brief).

PER CURIAM

Plaintiff Marvin Howard appeals from a February 28, 2020 order granting defendant Wells Fargo Bank, N.A.'s motion to vacate entry of a default and dismissing plaintiff's Law Division complaint with prejudice, and from an April 21, 2020 order denying his motion for reconsideration. For reasons that follow, we affirm the trial court's orders.

I.

This case involves a residential foreclosure that has been the subject of a previous appeal. Wells Fargo Bank, N.A. v. Howard (Howard I), No. A-0658-19 (App. Div. Jan. 21, 2021). We glean the following facts from our earlier opinion.[1] Id. (slip op. at 1-2).

On August 5, 2005, plaintiff executed a note from Lancaster Mortgage Bankers, LLC, in the amount of $200,000 for a property located in Irvington. On the same date, plaintiff signed a mortgage to secure this debt, which was recorded on August 26, 2005. The mortgage was assigned to defendant, and the assignment was recorded on April 25, 2017.

Plaintiff defaulted on the loan on May 1, 2017. Defendant filed a foreclosure complaint on November 7, 2017. Plaintiff did not file a contesting

---

[1] Howard I was issued after the parties submitted their briefs in the present appeal.

A-4023-19

answer or otherwise respond to the foreclosure complaint. On April 13, 2018, defendant requested entry of a default. A final judgment of foreclosure was entered on September 5, 2018, in the sum of $166,431.62.

The property was sold at a sheriff's sale on July 9, 2019, for $140,000 to a third-party purchaser. Approximately a week later, plaintiff made his first appearance in the foreclosure action, filing a motion to vacate the sheriff's sale. Plaintiff's motion to vacate the sale was denied by the Chancery Division judge on September 30, 2019, and that judge ordered the sale to remain in full force and effect. Plaintiff filed a notice of appeal in the foreclosure action.

On October 23, 2019, while the foreclosure appeal was pending, plaintiff filed a complaint in the Law Division against defendant. The eight-count complaint asserted causes of action for lack of standing to foreclose, fraud in the concealment, fraud in the inducement, intentional infliction of emotional distress, quiet title, slander of title, declaratory relief, and a violation of the Truth-In-Lending Act, 15 U.S.C. §§ 1601 to -1667. Plaintiff's complaint demanded compensatory damages in excess of $50,000, punitive damages, restitution, costs, and declaratory relief. All of plaintiff's claims related to defendant's foreclosure action by alleging defendant did not have standing to foreclose and that the foreclosure action interfered with his title to the property.

Plaintiff alleged that the property was not "properly assigned and transferred to [defendant]."

When defendant did not file an answer, plaintiff obtained entry of a default against defendant. However, when defendant learned of the default, it filed a motion to vacate, and to dismiss the complaint with prejudice under Rule 4:6-2(e). Plaintiff opposed defendant's motions.

Plaintiff did not appear for oral argument on February 28, 2020. Defendant argued that every cause of action in plaintiff's complaint related to and was germane to the underlying foreclosure action, and that plaintiff's complaint should be dismissed based on the entire controversy doctrine, collateral estoppel, and res judicata. Defendant also argued there was good cause to vacate the default because the complaint was not served properly.

On February 28, 2020, the trial court vacated the default, finding service was not properly effectuated because "it was served upon a banking employee in South Dakota, which is hardly anywhere near . . . New Jersey . . . ." The trial court then dismissed plaintiff's complaint with prejudice because the foreclosure judgment had been appealed and "plaintiff's attempt to add a redo of the foreclosure action . . . [was] entirely improper." Plaintiff's complaint was "barred by res judicata, the entire controversy doctrine and collateral estoppel."

Plaintiff filed for reconsideration, but this was denied on April 21, 2020. The court explained:

> This matter was scheduled for [o]ral [a]rgument on [d]efendant Wells Fargo's motion to vacate default and dismiss the [c]omplaint on February 28, 2020. Plaintiff filed opposition to that motion, but did not appear for oral argument and did not timely file this motion for reconsideration. This matter is barred by res judicata, the entire controversy doctrine and collateral estoppel and the [f]inal [j]udgment in [f]oreclosure is currently on appeal. Plaintiffs [c]omplaint was dismissed with prejudice. Plaintiff argues that the [c]ourt did not produce a [s]tatement of [r]easons; however, a statement of reasons and conclusions of law were placed on the record on Feb. 28, 2020.

On appeal, plaintiff argues that the trial court erred by finding he failed to state a claim against defendant for which relief could be granted.

## II.

"We review a grant of a motion to dismiss a complaint for failure to state a cause of action de novo, applying the same standard under Rule 4:6-2(e) that governed the motion court." Wreden v. Twp. of Lafayette, 436 N.J. Super. 117, 124 (App. Div. 2014). We "search the allegations of the pleading in depth and with liberality to determine whether a cause of action is 'suggested' by the facts.'" Rezem Fam. Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 113 (App. Div. 2011) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp.,

116 N.J. 739, 746 (1989)).  Since our "review is plenary[,] . . . we owe no deference to the trial judge's conclusions."  State v. Cherry Hill Mitsubishi, 439 N.J. Super. 462, 467 (App. Div. 2015) (citation omitted).

Plaintiff contends the trial court improperly granted defendant's motion to dismiss without an adequate explanation.  This argument is not supported by the record.

A court must "state clearly its factual findings and correlate them with the relevant legal conclusions."  Gnall v. Gnall, 222 N.J. 414, 428 (2015) (quoting Curtis v. Finneran, 83 N.J. 563, 570 (1980)).  "The trial court does not discharge [its] function simply by recounting the parties' conflicting assertions and then stating a legal conclusion . . . ."  Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 595 (App. Div. 2016).  Under Rule 1:7-4(a), for "every motion decided by a written order that is appealable as of right," the trial court must "find the fact and state its conclusions of law . . . ."

Here, the trial court made an adequate record of its findings and conclusions.  Catabran, 445 N.J. Super. at 594-95.  It explained that the deficiency in service of process required it to vacate the default.  Then, based on allegations in plaintiff's complaint, it found the complaint failed to state a cause of action.  All of this comported with Rule 1:7-4.

6

Plaintiff argues his complaint alleges facts that support his claim that defendant "committed numerous fraudulent, false, deceptive, and misleading practices against [p]laintiff . . . ." He argues defendant's motion relies on "objectionable hearsay." Plaintiff claims it was an abuse of discretion to dismiss the complaint under Rule 4:6-2(e). We are not persuaded.

Plaintiff's complaint asserts causes of action that all relate to the foreclosure case. On January 21, 2021, we affirmed the Chancery Division's September 30, 2019 order that denied plaintiff's motion to vacate the sheriff's sale and confirmed the sale as valid. This concluded the foreclosure and sheriff's sale of this property.

Plaintiff had ample opportunity to raise the arguments he makes now in defense to the foreclosure action. All of these claims are germane[2] to the foreclosure case and could have been raised. Having not done so, plaintiff now is barred from asserting them. "Non-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine, except as

---

[2] In foreclosure, claims that are "germane" are those "arising out of the mortgage transaction which is the subject matter of the foreclosure action." Leisure Tech. Northeast, Inc. v. Klingbeil Holding Co., 137 N.J. Super. 353, 358 (App. Div. 1975).

otherwise provided by [Rule] 4:64-5 (foreclosure actions) . . . . "  R. 4:30A.  The foreclosure case has been previously adjudicated.  There is no provision of Rule 4:64-5 which provides relief from preclusion of these claims.

In addition, we agree with the trial court that the claims are barred by res judicata.  Under this, a prior judgment acts as a bar where there is "substantially similar or identical causes of action and issues, parties, and relief sought." Culver v. Ins. Co. of N. Am., 115 N.J. 451, 460 (1989).  This bar applies to "matters actually determined in the previous proceedings, but also all claims that could have been raised in the first action."  Bondi v. Citigroup Inc., 423 N.J. Super. 377, 423 (App. Div. 2011) (citing Mortgagelinq, Corp. v. Commonwealth Title Ins. Co., 142 N.J. 336, 338 (1995)).  Here, the Law Division complaint involves the same parties, arises from the same foreclosure action and raises issues that could have been asserted in the first action and now are foreclosed by our affirmance of the orders approving the sale of this property.  Dismissal of this complaint was not erroneous as a matter of law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION